STATE v. WILLIE BARNES ALIAS TOMMY WATSON, BOBBY RAY JONES, AND CURTIS HARRIS, JR.

(Filed 19 April, 1967.)

**Criminal Law § 101; Larceny § 7— Circumstantial evidence of defendant's guilt of larceny held insufficient to be submitted to jury.**

Evidence that a certain building had been broken into and entered and goods taken therefrom, that the goods were later found in a certain house, that at about 2:30 a.m. on the night of the offense an occupant of the house had let four men, including defendant, into the house, but did not at that time see any of the merchandise in question in the house, but

that some one and one-half hours thereafter the occupant saw in the house a number of items, later identified as the goods stolen, that a "rippled-sole" shoe track was found near a broken window of the building which had been entered, and that defendant was wearing a "rippled-sole" shoe sometime after the offense, *held* insufficient to be submitted to the jury on the question of defendant's guilt of larceny, there being no evidence that the shoe worn by defendant fitted into or was identical with the tracks found near the building, and no evidence that defendant had in his possession or at any time had control over the stolen merchandise.

APPEAL by defendant Jones from *Braswell, J.,* 2 October 1966 Regular Criminal Session of WAKE.

Criminal prosecution on an indictment containing three counts. The first count charges that Willie Barnes alias Tommy Watson, Bobby Ray Jones, and Curtis Harris, Jr., on 14 September 1966 did feloniously break and enter a certain shop and building occupied by J. H. Denning, d/b/a Denning's Grocery, with intent to commit larceny of the goods and merchandise therein, a violation of G.S. 14-54; the second count charges the same defendants on the same date at the same place, after having feloniously broken into and entered a shop and building occupied by J. H. Denning, d/b/a Denning's Grocery, did steal, take, and carry away certain specified articles of personal property therein owned by J. H. Denning, d/b/a Denning's Grocery, of the value of more than $300, a violation of G.S. 14-72; and the third count charges the same defendants on the same date at the same place with receiving the aforesaid articles of personal property well knowing that they had been theretofore feloniously stolen, taken, and carried away.

Defendant Barnes and defendant Jones, who appeared by separate counsel appointed for each one of them by the court, pleaded not guilty. Defendant Harris, who was represented by privately employed counsel, pleaded not guilty. Verdict: Not guilty as to all three defendants on the charge in the first count in the indictment of a felonious breaking and entry into a shop and building, and guilty as to all three defendants on the second count in the indictment charging larceny.

The judgment of the court as to defendant Barnes was that he be imprisoned for a term of not less than 5 years nor more than 7 years; the judgment of the court as to defendant Jones was that he be imprisoned for a term of not less than 5 years nor more than 7 years; and the judgment of the court as to defendant Harris was that he be imprisoned for a term of 3 years, with a recommendation that he be granted the option of serving the sentence imposed under the work release plan as provided by law. Defendant Jones appealed.

---

---

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard for the State.*

*Garland B. Daniel for defendant appellant.*

PER CURIAM. The State's evidence is uncontradicted that J. H. Denning, who owns and operates a store and service station located about nine miles from Raleigh, North Carolina, locked it up about 7:30 p.m. on 13 September 1966, and that on the morning of 14 September 1966 he went to his store and service station and found that it had been broken into and entered, and a quantity of cigarettes, underwear, shirts, beer, groceries, and other articles of personal property belonging to him of the value of more than $300 had been stolen, taken, and carried away from his store and service station. Denning identified a considerable quantity of the stolen property by his cost marks on it the following day in the home of Emma Jean Price at 514½ East Hargett Street in Raleigh. Denning also identified there a certain pistol that had been taken from his store.

Bobby Jean Lassiter testified for the State that she and Emma Jean Price, Freddie Bradshaw, and Willie Barnes arrived at Emma Jean Price's home at about 12:30 a.m. on 14 September 1966. About 1:30 a.m. Curtis Harris and Bobby Ray Jones came to the house and asked Bradshaw and Barnes to go out with them. They left together. About 2:30 a.m. Bobby Jean Lassiter got up, unlocked the door, and let the four men in. Barnes had a pistol. At 2:30 a.m. Bobby Jean Lassiter did not see any merchandise. Bobby Jean Lassiter went back to bed. Bobby Jean Lassiter got up at 4 a.m. to go to the bathroom and saw a number of items which later that morning Bobby Jean Lassiter helped Emma Jean Price put in some bags, which were left in the bathroom. These articles in the bags were later seized by officers, and identified by John H. Denning as goods stolen from him.

Emma Jean Price testified in effect that she arrived at her home about 12:30 a.m. on 14 September 1966 in a highly intoxicated condition, and that she did not know anything until about 11:30 or 12:00 o'clock the following day.

Deputy Sheriff Turner testified for the State that he observed a rippled-sole shoe track near a broken window of the service station or grocery store where the robbery occurred. After Harris and Barnes were arrested, defendant Jones came to the police station to find out about the amount of their bond, and the sheriff noticed that he was wearing a rippled-sole shoe.

There is no evidence in the record that the rippled-sole shoe de-

fendant Jones was wearing fitted ˜into or was identical with the rippled-sole shoe print found around the store of Denning. There is no evidence in the record that defendant had in his possession or at anytime had control over the merchandise stolen from Denning's store. There is no evidence as to who brought the goods stolen from Denning into Emma Jean Price's home, or at what time they were brought in.

According to the record before us the defendants offered no evidence. Defendant Jones assigns as error the denial of his motion made at the close of the State's evidence for a judgment of compulsory nonsuit. Considering the State's evidence in the light most favorable to it, there is no evidence in the record before us tending to prove the fact of defendant Jones' guilt as charged, or which reasonably conduces to that conclusion as a fairly logical and legitimate deduction.

The court erred in overruling defendant Jones' motion for judgment of compulsory nonsuit.

Reversed.