OF

# NORTH CAROLINA

AT

# RALEIGH

## SPRING SESSION 1970

STATE OF NORTH CAROLINA v. ROBERT BINES AND JASPER LEE BARNER

No. 7010SC106

(Filed 6 May 1970)

1. **Criminal Law § 92— consolidation of cases against two defendants**
   The trial court did not err in consolidating for trial charges of breaking and entering and larceny against two defendants.

2. **Burglary and Unlawful Breakings § 5; Larceny § 7— sufficiency of evidence**
   In this prosecution of two defendants for breaking and entering and larceny, defendants' motions for nonsuit were properly denied where the State's evidence tended to show that a furniture store was broken and entered, that an officer saw one defendant come out of the back door and then re-enter the building, that the officer observed such defendant and another person in the store, that the two persons inside the store left the store by breaking out the front door glass, that merchandise had been moved to a place near the rear door of the store and several small items from the store were found outside, that an automobile belonging to one defendant was parked behind the store and footprints resembling the shoes worn by such defendant were found between the car and store, and that a dog trained for trailing human beings picked up a trail near the building and followed it down a railroad track for about two miles where both defendants were found in an exhausted condition.

3. **Criminal Law § 61— casts of footprints — admissibility**
   In this prosecution of two defendants for breaking and entering and larceny, the trial court did not err in the admission of plaster casts of two sets of footprints found at the rear of the store which was broken into, where two similar sets of tracks were found near a railroad down

which defendants fled from the crime scene, and an officer positively iden-
tified one defendant as having been seen at the rear door of the building.

**4. Criminal Law § 44— evidence that dog followed trail to defendants**

In this prosecution for breaking and entering and larceny, testimony
by dog trainer as to the breeding, training, experience and reliability of a
particular dog, although not a pure bred dog, rendered competent evidence
that the dog followed a trail from the crime scene which led to defendants.

APPEAL by both defendants from *Bailey, J.,* September 1969 Ses-
sion of WAKE Superior Court.

Defendants were charged in separate but similar bills of indict-
ment containing three counts: (1) breaking and entering the place
of business of Garner Wayside Furniture, Ltd., a corporation, located
on Highway No. 70 in the Town of Garner; (2) larceny of various
articles of merchandise contained in the place of business and de-
scribed in the bill, after having feloniously broken into the place
of business; (3) receiving stolen merchandise.

The third count of receiving stolen merchandise was dismissed
by the trial judge at the conclusion of the State's evidence. We,
therefore, are not concerned with that count.

The defendants entered pleas of not guilty. The jury returned a
verdict of guilty on both counts as to each defendant. The trial
judge consolidated the two counts for judgment and imposed a sen-
tence against each defendant of not less than 8 nor more than 10
years in the custody of the Commissioner of the North Carolina De-
partment of Correction. Each defendant appealed.

*Attorney General Robert Morgan, Trial Attorney Lester V.
Chalmers and Staff Attorney Carlos W. Murray, Jr., for the State.*

*Vaughan S. Winborne for defendant Bines; Liles and Merriman
by William W. Merriman, III, for defendant Barner.*

CAMPBELL, J.

Each defendant filed separate assignments of error, some of
which were similar and some were applicable only to the individual
defendant making the assignment of error.

[1] Both defendants assigned as error the consolidation of cases for
trial. In this, there was no error. The crimes for which the defend-
ants were tried are "of the same class . . . and are so connected
in time and place that evidence at the trial upon one of the indict-
ments would be competent and admissible at the trial on the others.
. . ." *State v. Hamilton,* 264 N.C. 277, 141 S.E. 2d 506 (1965).

[2]   Both defendants assign as error the failure of the trial judge to sustain the motion of nonsuit at the close of all of the evidence as to both counts. Such a motion is properly denied where "there is evidence from which a jury could find that the offense charged has been committed and that defendant committed it. . . ." *State v. Goines*, 273 N.C. 509, 160 S.E. 2d 469 (1968). The evidence would sustain the jury finding that Garner Wayside Furniture, Ltd., is a corporation occupying a building on Highway 70 within the town limits of Garner. On Saturday evening, 28 June 1969 at 5:30 p.m., the place of business was closed and all entrances or openings secured. During the evening hours, a town policeman regularly checked the premises. At 3:45 a.m. on 29 June 1969, the building was checked by a town policeman, and everything was found to be in proper order and secure. Fifteen minutes later at 4:00 a.m., the policeman's suspicions having been aroused, he again checked this building and saw an automobile which had not been previously parked behind the furniture store. He saw the defendant Barner come out of the back door and then re-enter the building. This officer went to the back door and observed the defendant Barner, together with "a very large colored male running through the center of the building. They were running towards the front." This officer then called for additional police officers to join him, and while waiting, he kept the rear of the building under surveillance.

When other officers arrived, an inspection of the entire building was made. The glass in the front door was broken out. This glass had not been broken when the building had been inspected at 3:45 a.m. Various items of merchandise as described in the bill had been moved from the place where located when the store had been closed the evening before, and these items of merchandise were found near the rear door of the building. Several small items, including the pipe of the president of the furniture company, which had been located in the desk drawer of the president, were found under a bush. This bush was located in a direct line between the front door and the railroad tracks where two sets of footprints were subsequently found. The automobile with the keys left in the ignition found parked behind the furniture company building belonged to the defendant Barner. Footprints which resembled the shoes worn by the defendant Barner were found between the automobile and the rear door. An officer brought a dog trained for trailing human beings to the furniture store. The dog arrived about 4:25 a.m. The dog was cast in a semicircle near the front of the building. The dog picked up a trail about 50 feet from the front door, and then proceeded to the railroad tracks and down the railroad tracks for about 2 miles where

the defendants were found in an exhausted condition, and "they were extremely wet, almost soaking wet with sweat." This pattern of events allows the reasonable inference that there had been a crime committed and that the defendants were participants in the crime. This was sufficient to permit the case to be submitted to the jury, and the motions for nonsuit were properly denied. *State v. Rowland,* 263 N.C. 353, 139 S.E. 2d 661 (1965).

**[3]**   The defendants objected to the admission in evidence of plaster casts of footprints found at the rear of the store. Officer Lockhart testified,

". . . We found two good sets of tracks at the rear door. They came directly from the automobile to the rear door. There was one real big set of tracks. I noticed about the other set, that is the one that was not so big, in the right front, about a quarter of a part of the front sole was missing from the shoe."

He further testified that two similar sets of tracks were found near the railroad about a mile from the store, one set of which had the front portion of its sole missing. These tracks, together with the testimony of the police officer, who positively identified the defendant Barner as having been seen at the rear door of the building, distinguishes the present case from the situation in *State v. Barnes,* 270 N.C. 146, 153 S.E. 2d 868 (1967). In the *Barnes* case there was no evidence other than a footprint linking the defendant to the scene of the crime.

**[4]**   The defendants object to the testimony of the dog trailing. While the dog was not a pure bred dog, the dog trainer testified as to its breeding and the purpose of the crossbreeding. He also testified as to the training and experience of the dog and the reliability of the particular dog. The dog in question, "Smitty," was a three-way cross, being part bloodhound, part black and tan coon hound, and part red bone coon hound. We think the testimony as to the breeding, training and experience, as well as the reliability of this particular dog made the evidence competent. As Justice Sharp said in *State v. Rowland, supra,* Smitty has demonstrably "pedigreed his ancestors."

We have reviewed all of the assignments of error brought forward by either defendant, and we find

No error.

PARKER and HEDRICK, JJ., concur.