DEBORAH P. CLAYTON (NOW RICHARDSON) v. JAMES R. CLAYTON

No. 817DC257

(Filed 17 November 1981)

**1. Divorce and Alimony §§ 23.4, 25.7— change of child custody—insufficient notice of hearing**

A petition for a temporary restraining order and the temporary order issued which referred only to allowing child visitation privileges to the defendant and to restraining the movement of plaintiff and the child did not constitute proper notice of a hearing on change of custody of the child and gave no ten-day notice as to change of custody as required by G.S. 50-13.5.

**2. Abductions § 1— transportation of child outside State in violation of custody order**

The trial court erred in ordering that a bench warrant be issued for plaintiff's arrest for transporting her child outside the State with intent to violate a custody order in violation of G.S. 14-320.1 where plaintiff had custody of her child when she left the State with him and did not remove him from the State in violation of a custody order.

**3. Contempt of Court § 3.2— violation of temporary restraining order—absence of notice of order**

The trial court erred in ordering plaintiff to show cause why she should not be held in contempt for violating a temporary restraining order enjoining her from removing her child from the State where there was no evidence that plaintiff had notice of the temporary restraining order prior to leaving the State. G.S. 5A-11(a)(3).

Judge WEBB dissenting.

APPEAL by plaintiff from *Britt, Judge.* Judgment entered 15 December 1980 in District Court, EDGECOMBE County. Heard in the Court of Appeals 16 October 1981.

In 1978 defendant husband was granted an absolute divorce from plaintiff wife and wife was granted custody of the minor child of the marriage, subject to the visitation rights of the husband. In July 1979 plaintiff remarried, and plaintiff and her new husband decided to move to Tulsa, Oklahoma where the husband had been accepted into a Bible college.

On 8 August 1979, defendant petitioned the court for a temporary restraining order to prevent the wife from taking their child outside of the State. The defendant alleged that the wife was planning to move to Oklahoma to frustrate his visitation

rights and that the resulting loss in visitation would result in irreparable harm to both the child and the father.

At 11:52 a.m. on 8 August 1979, Judge Tom Matthews issued a temporary restraining order enjoining the plaintiff from removing the child from the State pending a hearing on 14 August 1979. The sheriff was directed to serve the complaint and order on the plaintiff. The sheriff's certificate shows process was received on 8 August 1979 and was returned to the court on 10 August 1979. The time of service was not indicated. Substitute service was attained by leaving copies with plaintiff's husband at plaintiff's dwelling house.

Between 1:00 and 1:30 p.m. on 8 August 1979, plaintiff left Rocky Mount and drove to the Raleigh-Durham Airport with the child. They departed on a plane for Nashville, Tennessee at approximately 2:30 or 3:00 p.m. On or about 13 August 1979, plaintiff's husband picked up plaintiff and her son in Nashville, Tennessee driving on to Tulsa, Oklahoma. Plaintiff has not returned to North Carolina since that time.

On 14 August 1979 a hearing was held on defendant's petition for a temporary restraining order. The plaintiff was not present in person or by counsel. The court found that the plaintiff had been served by leaving a copy of the temporary restraining order with her husband at her usual place of abode. The court ordered that temporary custody of the child be awarded to the defendant. The court further concluded that a bench warrant should be issued for the arrest of the plaintiff pursuant to N.C. Gen. Stat. § 14-320.1 unless the child was found in North Carolina before 12:15 a.m. on 16 August 1979. The court ordered plaintiff to appear on 11 September 1979 to show cause why she should not be held in contempt of court for violating the temporary restraining order.

On 4 October 1979, plaintiff filed a motion pursuant to Rule 60 of the North Carolina Rules of Civil Procedure seeking relief from the 16 August 1979 order of the court because of insufficient notice and service.

By order of the court filed 15 December 1980 the trial court concluded that the temporary restraining order had been properly served on plaintiff. The court ordered that plaintiff's Rule 60

motion be denied, and kept in force its previous orders in regard to custody and visitation of the child. Plaintiff appealed from the judgment.

*Biggs, Meadows, Etheridge & Johnson by William D. Etheridge and Lee A. Spinks, and C. Ray Joyner, for the plaintiff-appellant.*

*Hopkins & Allen by Grover Prevatte Hopkins and Janice Watson Davidson for the defendant-appellee.*

MARTIN (Robert M.), Judge.

[1] We initially consider plaintiff's assignment of error concerning the change in custody ordered by the court on 16 August 1979. The petition for a temporary restraining order and the temporary order filed on 8 August 1979 refer only to allowing visitation privileges to the defendant and to restraining the movement of the plaintiff and child. This petition and order were inadequate to constitute proper notice of a hearing on change of custody, and gave no 10-day notice as to change of custody as required by N.C. Gen. Stat. § 50-13.5. Therefore the trial court erred in giving the defendant temporary custody in its 16 August 1979 order.

N.C. Gen. Stat. § 50-13.5 outlines the procedure in actions for custody or support of minor children. § 50-13.5(d)(1) provides that "[m]otions for custody of a minor child in a pending action may be made on 10 days notice to the other parties and after compliance with G.S. 50A-4."

Defendant asserts that because he did not move to get custody, the provisions of § 50-13.5(d)(1) are not applicable. We disagree. N.C. Gen. Stat. § 50-13.5(d)(1) is designed to give the parties to a custody action adequate notice in order to insure a fair hearing. Before divesting plaintiff of custody of her son, she was entitled to the notice set forth in the statute.

The petition for the temporary restraining order and the temporary order issued did not provide notice of a potential change in custody and in no way provided ten days notice. As a result, that portion of the 16 August 1979 order granting custody to the defendant must be reversed pursuant to plaintiff's Rule 60 motion.

**[2]** Plaintiff is seeking relief from the 16 August 1979 order of the court. That order, in addition to changing the custody of the child, also ordered that a bench warrant be issued for plaintiff's arrest for violating N.C. Gen. Stat. § 14-320.1 and ordered plaintiff to appear before the court to show why she should not be held in contempt for violating the terms of the temporary restraining order.

N.C. Gen. Stat. § 14-320.1 reads in part as follows:

When any court of competent jurisdiction in this State shall have awarded custody of a child under the age of sixteen years, it shall be a felony for any person with the intent to violate the court order to take or transport, or cause to be taken or transported, any such child from any point within this State to any point outside the limits of this State or to keep any such child outside the limits of this State.

Clearly on 8 August 1979 when plaintiff left the State with her son she had custody of the child and did not remove him from the State in violation of a custody order. Thus it was error for the judge not to relieve the plaintiff, pursuant to her Rule 60 motion, from this portion of the 16 August 1980 order.

**[3]** Finally plaintiff was ordered to appear and show cause why she should not be held in contempt for violating the temporary restraining order of the court.

N.C. Gen. Stat. § 5A-11(a)(3) provides that "[w]illful disobedience of, resistance to, or interference with a court's lawful process, order, directive, or instruction or its execution" constitutes criminal contempt. *In re Hege*, 205 N.C. 625, 630, 172 S.E. 345, 347 (1934) states that "[t]he word 'wilful,' when used in a statute creating an offense, implies the doing of the act purposely and deliberately in violation of law." (Citation omitted.) *State v. Falkner*, 182 N.C. 793, 798, 108 S.E. 756, 758 (1921), holds that "[t]he term *unlawfully* implies that an act is done, or not done, as the law allows, or requires; while the term *willfully* implies that the act is done knowingly and of stubborn purpose."

There is no evidence in the record that the plaintiff wilfully disobeyed any order lawfully issued by the court. The judge signed the temporary restraining order on 8 August 1979 at 11:52 a.m. There is no evidence regarding the time at which the order

---

Clayton v. Clayton

---

was served on plaintiff by substituted service on her husband. Plaintiff left her home between 1:00 and 1:30 p.m. on 8 August 1979 and proceeded to fly out of the State. Without any evidence that plaintiff had notice of the temporary restraining order prior to leaving the State, she cannot be held in contempt for purposely violating this order.

For the foregoing reasons the trial court's refusal to grant relief to plaintiff from the 16 August 1979 order must be reversed.

Reversed.

Judge WELLS concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent from that portion of the majority opinion which holds the record does not support a finding that the temporary restraining order had been served on the plaintiff. The return on the restraining order shows it was received on 8 August 1979 by T. E. Moore, a deputy sheriff of Edgecombe County and returned 10 August 1979 showing it had been served on the plaintiff by leaving a copy with her husband at 1604 Lynn Ave., in Rocky Mount. There is evidence that the plaintiff and her husband resided at this address. I believe this shows proper service on the plaintiff. See G.S. 1A-1, Rule 4(j)(1)a.

I vote to reverse that portion of the order which awarded the defendant custody of the children and affirm the rest of the court's order.