CHRISTOPHER LEON JONES, Plaintiff v. SABRINA GWENDOLYN ENGLISH JONES, Defendant

No. 915DC1307

(Filed 2 March 1993)

**Divorce and Separation § 460 (NCI4th)— change of child custody— no notice to parties—not properly before court**

The issue of primary custody of a child was not properly before the trial court where plaintiff's request for sole custody in his April 1990 motion did not contemplate or give notice of a possible change in custody because plaintiff already had primary custody and merely wanted to completely suspend defendant's visitation privileges; in his response to defendant's February 1991 motion plaintiff prayed for the relief requested in the April 1990 motion only as to child support; and defendant did not ask for a change of custody in her motion, but only moved to enforce her visitation rights. Because there was no motion for custody before the trial court, there was

no notice of a motion for custody as required by N.C.G.S. § 50-13.5(d)(1).

**Am Jur 2d, Divorce and Separation §§ 1006, 1008.**

**Power of court, on its own motion, to modify provisions of divorce decree as to custody of children, upon application for other relief. 16 ALR2d 664.**

Appeal by plaintiff from orders entered 2 May 1991 (nunc pro tunc for 19 April 1991) and 27 June 1991 (nunc pro tunc for 30 May 1991) by Judge Elton G. Tucker in Pender County District Court. Heard in the Court of Appeals 8 December 1992.

*James K. Larrick for plaintiff-appellant.*

*Lanier & Fountain, by Lori A. Gaines, for defendant-appellee.*

LEWIS, Judge.

This dispute arose in August 1987 when plaintiff-father filed for custody of his only child, Heather Beth Jones ("Beth"), alleging that she had been sexually abused by one of her mother's boyfriends. Primary custody of Beth had been given to her mother, defendant in this action, pursuant to a separation agreement. The court entered a temporary emergency order on the date of plaintiff's filing placing custody with plaintiff. Subsequent court orders placed custody with maternal and paternal grandparents on an alternating basis, and later only with paternal grandparents. In June 1988 plaintiff and defendant entered into a consent order awarding primary custody to plaintiff and secondary custody to defendant. The consent order stipulated that when defendant had custody of Beth she could not stay overnight with a boyfriend.

In April 1990 plaintiff filed a motion alleging that defendant was not fit to have any custody at all, due to overnight visits with boyfriends while Beth was in the house, and seeking suspension of her visitation rights. Defendant filed a response and counter-motion. No hearing was held at this point, however, because defendant's attorney withdrew from the case due to a conflict of interest. In February 1991 defendant filed a motion for contempt and enforcement of visitation rights. She had previously orally agreed to suspend visitation as recommended by Dr. Nancy Peters, a child psychologist who had counselled Beth. The record indicates very serious problems were created by the mother's behavior. When

it appeared that visitation would be suspended indefinitely, defend-
ant filed the motion to enforce visitation. Plaintiff responded to
defendant's motion, incorporating the allegations of his April 1990
motion and requesting the relief prayed for in that motion as to
child support.

Judge Tucker held a hearing on these motions, both plaintiff's
April 1990 motion and defendant's February 1991 motion, and entered
an order on 2 May 1991 modifying the consent order and changing
primary custody from plaintiff to defendant due to a "substantial
change in circumstances." Plaintiff appealed this order as well as
the denial of his Rule 52, 59 and 62 post-trial motions. Plaintiff's
petition for writ of supersedeas and motion for temporary stay
were also denied.

---

Plaintiff brings forth two arguments on appeal. First, he argues
the trial court improperly changed custody *ex mero motu*, because
neither party had raised the issue of custody and plaintiff did
not receive notice that custody would be an issue at the 2 May
1991 hearing. Second, plaintiff contends the trial court's judgment
was not supported by competent findings of fact and conclusions
of law.

N.C.G.S. § 50-13.7(a) provides that "an order of a court of
this State for custody of a minor child may be modified or vacated
at any time, upon motion in the cause and a showing of changed
circumstances by either party or anyone interested." § 50-13.7(a)
(1987). Furthermore, a party is entitled to 10 days notice of a
motion for custody in a pending action. § 50-13.5(d)(1) (Cum. Supp.
1992).

The case of *Clayton v. Clayton*, 54 N.C. App. 612, 284 S.E.2d
125 (1981), is instructive on this issue. In that case defendant hus-
band filed a restraining order to prevent plaintiff, his former wife,
from taking their child out of the state. Plaintiff had primary custody
of the child at the time. Questions were raised concerning service
of the temporary restraining order upon the plaintiff. On the day
the order was left at her primary residence, plaintiff and the child
left the state to move to Oklahoma. The trial court found that
plaintiff had been properly served and awarded temporary custody
to defendant. Plaintiff appealed to this Court after denial of her
Rule 60 motion for appropriate relief based on insufficient notice
and service. 54 N.C. App. at 613-14, 284 S.E.2d at 126.

This Court reversed the trial court, holding that the order changing custody was in error. Defendant's petition only alleged potential violations of his visitation rights; he did not ask for a change in custody. Thus, the petition and restraining order were inadequate notice of a change in custody under N.C.G.S. § 50-13.5(d)(1). The Court noted that "[b]efore divesting plaintiff of custody of her son, she was entitled to the notice set forth in the statute." 54 N.C. App. at 614, 284 S.E.2d at 127.

We will consider what issues were raised in the motions before Judge Tucker at the time of the hearing to determine whether primary custody was in issue and whether adequate notice was given. In his order, Judge Tucker recites that the hearing was held "upon Motion filed by Plaintiff on April 20, 1990 wherein the Plaintiff sought among other things that the Defendant's rights for visitation be suspended, and Motion filed by Defendant on February 22, 1991 wherein Defendant sought to enforce visitastion [sic] rights and such other relief as the Court deemed just and proper."

In his April 1990 motion plaintiff requested that he be awarded sole custody of Beth, that the court determine defendant was not fit, proper or suitable to have custody, that defendant's visitation rights be suspended, and that defendant pay child support to plaintiff. In her February 1991 motion, defendant asked the court to find plaintiff in contempt for failure to abide by the consent order, and asked the court to award reasonable attorney's fees and order reasonable visitation. Plaintiff's response incorporated by reference his motion filed in April 1990, and requested that defendant's motions be denied, and that he be granted the relief prayed for in the April 1990 motion as to child support.

We find that the issue of primary custody was not properly before the trial court. Plaintiff's request for sole custody in his April 1990 motion did not contemplate or give notice of a possible change of custody, because plaintiff already had primary custody. He merely wanted to completely suspend defendant's visitation privileges. Furthermore, in his response to defendant's February 1991 motion plaintiff prayed for the relief requested in the April 1990 motion only *as to child support.* Decisively, in her motion defendant did not ask for a change of custody, but only moved to enforce her visitation rights. Because there was no motion for custody before the trial court, there was no notice of a motion

for custody as required by § 50-13.5(d)(1). Neither party knew the trial court would be deciding the issue of primary custody. The hearing revolved around defendant's visitation rights, as the trial judge indicated in the first paragraph of his judgment.

Because we are reversing the judgment of the trial court, we find it unnecessary to address plaintiff's other argument. We remand with instructions to reinstate plaintiff's custody and for further proceedings as may be appropriate.

Reversed and remanded.

Judges WELLS and EAGLES concur.