STATE OF NORTH CAROLINA v. IVORY JOE TISDALE

No. COA01-1339

(Filed 1 October 2002)

**Drugs— constructive possession—rented car**

The trial court did not err by denying defendant's motion to dismiss a cocaine possession charge where defendant was driving a rental car registered in another person's name; the car had been used by at least two individuals on a regular basis; an admitted cocaine addict testified that he had recently dropped cocaine in the car while washing it; defendant had accelerated from 0 to 60 m.p.h. in a 35 m.p.h. zone with an officer directly behind him; after the stop, the officer noticed cocaine in plain view in the driver's side door handle, well within defendant's reach; defendant was sweating profusely and was nervous; the officer thought that defendant was under the influence of something; and more cocaine was found under the driver's seat, also well within

defendant's reach. The evidence supports a reasonable inference that defendant was aware of the presence of cocaine in the vehicle and had the power and intent to control its disposition. Defendant was free to argue that the cocaine did not belong to him.

Appeal by defendant from judgment entered 18 January 2001 by Judge James C. Spencer, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 15 August 2002.

*Attorney General Roy Cooper, by Special Deputy Attorney General Elizabeth Leonard McKay, for the State.*

*Donald E. Gillespie, Jr. for defendant-appellant.*

THOMAS, Judge.

Defendant, Ivory Joe Tisdale, was convicted of possession of cocaine and being an habitual felon. He was sentenced to a term of 132 to 168 months imprisonment and now appeals.

Defendant argues the trial court erred in denying his motion to dismiss the possession of cocaine charge for insufficiency of the evidence. For the reasons discussed herein, we find no error.

The State's evidence tended to show that on or about 11 March 2000, Officer M.P. O'Hal of the Greensboro Police Department stopped his patrol car at a stop light just behind a white Mitsubishi Eclipse operated by defendant. When the light turned green, defendant quickly accelerated through the intersection. O'Hal paced the vehicle and determined it was traveling 60 miles per hour in a 35 mile per hour speed zone. He pulled defendant over for speeding. Defendant was alone and the vehicle he was driving was a rental car registered to Harold Leak.

Defendant was asked by O'Hal to produce a driver's license and vehicle registration, to which defendant responded, "No, I do not have one." While O'Hal and defendant were discussing the license and registration, O'Hal looked inside the vehicle and noticed in plain view a small baggie containing two "off-white rocklike substance[s]." The baggie was located in the cutout near the handle on the driver's side door.

O'Hal then asked defendant to get out of the vehicle and placed him under arrest for not having a driver's license. O'Hal testified

that defendant was "sweating profusely," which the officer attributed to nervousness engendered by the stop. After placing defendant in the patrol car, Officer O'Hal searched defendant's vehicle. He found another small baggie under the driver's seat which contained "the same type of off-white rocklike substance." Field tests on the substances in the two baggies produced a positive reaction for cocaine. Later analysis by the State Bureau of Investigation confirmed that the baggies contained a total of .39 grams of cocaine.

O'Hal testified that he observed defendant for the better part of two hours. Based on his observations, O'Hal stated defendant "was impaired under some substance." However, on cross examination, O'Hal stated he did not believe defendant was "appreciably impaired [or] unfit to drive." Accordingly, he did not charge defendant with driving while impaired. O'Hal further testified that he smelled a mild odor of alcohol on defendant.

Defendant presented the testimony of Harold Leak, who stated that he leased the vehicle in February 2000 to use on the weekends, and for April King, a female friend, to use during the week. Prior to defendant gaining possession of the car, Leak had taken it to the carwash, where he allowed Jeff Cosby, an admitted homeless crack cocaine addict, to wash it. Leak did not notice any cocaine in the driver's side door when he left the carwash, but he testified that Cosby told him a couple of days later that Cosby had dropped some "dope" in the car. After getting the car washed, Leak returned it to April King, who subsequently loaned it to defendant.

Cosby testified that he washed the car for Leak in March 2000, and in the course of vacuuming the inside of the car, he dropped some cocaine and "put some on the door handle."

In his assignment of error, defendant argues the trial court erred in denying his motion to dismiss at the close of all the evidence. He contends the State presented insufficient evidence of actual or constructive possession. We disagree.

A motion to dismiss is properly denied if "there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Franklin*, 327 N.C. 162, 171, 393 S.E.2d 781, 787 (1990). "When ruling on a motion to dismiss, all of

the evidence should be considered in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence." *State v. Davis*, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998). If substantial evidence exists, whether direct, circumstantial, or both, supporting a finding that the offense charged was committed by the defendant, the case must be left for the jury. *State v. Davis*, 325 N.C. 693, 696-97, 386 S.E.2d 187, 189 (1989). If the trial court determines that a *reasonable* inference of the defendant's guilt *may* be drawn from the evidence, it must deny the defendant's motion and send the case to the jury even though the evidence may also support reasonable inferences of the defendant's innocence. *State v. Grigsby*, 351 N.C. 454, 456-57, 526 S.E.2d 460, 462 (2000).

"A defendant has possession of a controlled substance when he has both the power and intent to control its disposition or use." *State v. Hunter*, 107 N.C. App. 402, 408, 420 S.E.2d 700, 705 (1992), *overruled on other grounds, State v. Pipkins*, 337 N.C. 431, 446 S.E.2d 360 (1994). With regard to the possession of controlled substances, the Supreme Court recently set forth the applicable law as follows:

"[I]n a prosecution for possession of contraband materials, the prosecution is not required to prove actual physical possession of the materials." *State v. Perry*, 316 N.C. 87, 96, 340 S.E.2d 450, 456 (1986). Proof of nonexclusive, constructive possession is sufficient. *Id.* Constructive possession exists when the defendant, "while not having actual possession, . . . has the intent and capability to maintain control and dominion over" the narcotics. *State v. Beaver*, 317 N.C. 643, 648, 346 S.E.2d 476, 480 (1986). "Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." *State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). "However, unless the person has exclusive possession of the place where the narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred." *Davis*, 325 N.C. at 697, 386 S.E.2d at 190; *see also Brown*, 310 N.C. at 569, 313 S.E.2d at 588-89.

*State v. Matias*, 354 N.C. 549, 552, 556 S.E.2d 269, 270-71 (2001).

"An inference of constructive possession can . . . arise from evidence which tends to show that a defendant was the custodian of the

vehicle where the controlled substance was found." *State v. Dow*, 70 N.C. App. 82, 85, 318 S.E.2d 883, 886 (1984). In fact, this Court has consistently held that "[t]he driver of a borrowed car, like the owner of the car, has the power to control the contents of the car." *State v. Glaze*, 24 N.C. App. 60, 64, 210 S.E.2d 124, 127 (1974); *see also Dow*, 70 N.C. App. at 85, 883 S.E.2d at 886; *State v. Wolfe*, 26 N.C. App. 464, 467, 216 S.E.2d 470, 473 (1975). Thus, where contraband material is found in a vehicle under the control of an accused, even though the accused is the borrower of the vehicle, "this fact is sufficient to give rise to an inference of knowledge and possession which *may* be sufficient to carry the case to the jury." *Glaze*, 24 N.C. App. at 64, 310 S.E.2d at 127 (emphasis added). This inference is rebuttable and if the accused offers evidence rebutting the inference, the State must show other incriminating circumstances before constructive possession may be inferred. *See Matias*, 354 N.C. at 552, 556 S.E.2d at 270-71.

Here, although the evidence shows defendant had control of the vehicle when stopped by O'Hal, defendant's control was not exclusive. The vehicle was a rental car registered in another person's name. The car had recently been used by at least two individuals on a regular basis and an admitted crack cocaine addict testified he had recently dropped cocaine in the car while washing it. Therefore, the critical issue is whether the evidence discloses other incriminating circumstances sufficient for the jury to find defendant had constructive possession of the cocaine. When the evidence is examined in the light most favorable to the State, we find such additional incriminating circumstances do exist and conclude the trial court properly denied defendant's motion to dismiss.

Just before defendant was pulled over, he had accelerated from 0 to 60 miles per hour in a 35 mile per hour speed zone with a police officer directly behind him. The officer noticed the cocaine in *plain view* in the car door handle on the driver's side of the vehicle, well within reach of defendant. While talking with the officer, defendant was "sweating profusely" and was nervous. In the officer's opinion, defendant "was under the influence of something[,]" although the officer did not consider defendant to be so impaired that he could not drive. A subsequent search of the vehicle uncovered more cocaine located under the driver's seat. This second baggie of cocaine was also well within defendant's reach. Although Cosby, an admitted cocaine addict, testified he placed or dropped cocaine in the car while cleaning it, Leak testified he did not notice any cocaine in the vehicle following the cleaning. Taken in the light most favorable to

**IN RE MAY**

[153 N.C. App. 299 (2002)]

the State, this evidence supports a reasonable inference that defendant was aware of the presence of cocaine in the vehicle and had the power and intent to control its disposition.

Defendant was free to argue to the jury that Cosby had placed the cocaine in the vehicle and that the cocaine did not belong to defendant. However, that argument does not make the State's evidence of other incriminating circumstances any less sufficient to survive a motion to dismiss. Accordingly, we hold that the trial court did not commit error.

No error.

Judges MARTIN and TYSON concur.