STATE OF NORTH CAROLINA, Plaintiff,
v.
EMMANUEL JERVEY MEMMINGER, Defendant.
No. COA06-1478
Court of Appeals of North Carolina.
Filed November 6, 2007
This case not for publication
Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Mabel Y. Bullock, for the State.
William D. Auman for defendant-appellant.
STROUD, Judge.
Defendant Emmanuel Jervey Memminger appeals from judgment entered upon jury verdicts finding him guilty of possession with intent to sell or deliver cocaine and guilty of possession of drug paraphernalia. Defendant contends that the trial court erred by: (1) failing to dismiss the charge of possession with intent to sell or deliver cocaine ex mero motu on the basis of a facially invalid indictment, (2) admitting evidence regarding a confidential informant who was neither identified nor called as a witness, (3) failing to dismiss both charges on the basis of insufficient evidence, and (4) sentencing defendant as a prior record level IV offender.
We conclude that the indictment was not facially invalid, and that the trial court did not err in failing to dismiss the charge of possession with intent to sell or deliver cocaine on that basis. We conclude that defendant did not properly preserve the error assigned to the admission of evidence regarding a confidential informant who was neither identified nor called as a witness. We further conclude that the State presented sufficient evidence to support a jury verdict on both charges; therefore the trial court did not err in failing to dismiss the charges for insufficiency of the evidence. Defendant received a fair trial, free of reversible error, for possession with intent to sell or deliver cocaine and for possession of drug paraphernalia. Judgment is affirmed as to defendant's convictions for those offenses.
However, we hold that the trial court committed reversible error by sentencing defendant as a prior record level IV offender. Therefore, we remand to the trial court for resentencing.

I. Background
At around 1:00 PM on 13 October 2004, defendant stopped at Southside Mini Mart on South Tryon Street in Charlotte, Mecklenburg County, to have his gold PT Cruiser washed. Around the same time, Officer McKinney of the Charlotte-Mecklenburg Police Department, who was off-duty at the time, received a tip from an unidentified informant that a person named "Probe" was in possession of two ounces of crack cocaine and that "Probe" could be found in a gold PT Cruiser at the South Side Grocery Store, near the intersection of South Tryon Street and Remount Road. Officer McKinney contacted Officer Selogy, a drug investigator, to relay the information he had received from the informant. As Officer Selogy responded to the South Tryon location, he encountered and stopped the gold PT Cruiser at the intersection of South Tryon and Remount Road.
The driver and sole occupant of the vehicle was later identified as defendant. Officer Selogy ordered defendant out of the vehicle, placed him under arrest, and searched the vehicle. A small black handbag was found under the driver's seat. The handbag contained four separate packages totaling twenty-three grams of crack cocaine ("the crack"), scales, a small cutting tool, and plastic bags used to package crack cocaine (collectively "the crack paraphernalia"), and a utility bill bearing the name of defendant's wife, Annie P. Memminger.
On 14 November 2005, the Mecklenburg County Grand Jury indicted defendant for possession with intent to sell or deliver cocaine and for possession of drug paraphernalia. Defendant was tried before a jury in Mecklenburg County Superior Court on 7 August 2006, Judge Robert P. Johnston presiding. Defendant was found guilty of both crimes. Thereafter, the trial court sentenced defendant to 10 to 12 months. Defendant appeals.

II. Discussion

A. Validity of the indictment
Defendant contends that omission of the word "knowing" from the indictment alleging that he violated N.C. Gen. Stat. § 90-95(a)(1) rendered the indictment facially invalid; therefore the trial court erred by failing to dismiss the charge. Defendant raises this issue for the first time on appeal. After reviewing the record, we disagree with defendant.
A facially invalid indictment deprives the trial court of its subject matter jurisdiction over the case, and can therefore be raised for the first time on appeal. State v. Call, 353 N.C. 400, 428-29, 545 S.E.2d 190, 208, cert. denied, 534 U.S. 1046, 151 L. Ed. 2d 548 (2001). "[W]hether a trial court has subject matter jurisdiction is a question of law, which is reviewable on appeal de novo." Ales v. T.A. Loving Co., 163 N.C. App. 350, 352, 593 S.E.2d 453, 455 (2004). "When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority." State v. Felmet, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981).
The primary purpose of an indictment is to notify an accused of the charges against him in order to allow him to prepare an adequate defense. State v. Young, 120 N.C. App. 456, 461, 462 S.E.2d 683, 686 (1995). In order to properly notify an accused of the charges against him, "an indictment need only allege the essential elements of [the] offense." State v. Birdsong, 325 N.C. 418, 423, 384 S.E.2d 5, 7 (1989). If "the act or omission [alleged] is clearly set forth so that a person of common understanding may know what is intended[,]" the indictment is not facially invalid. State v. Coker, 312 N.C. 432, 435, 323 S.E.2d 343, 346 (1984). "In general, an indictment couched in the language of the statute is sufficient to charge the statutory offense." State v. Blackmon, 130 N.C. App. 692, 699, 507 S.E.2d 42, 46, cert. denied, 349 N.C. 531, 526 S.E.2d 470 (1998).
Defendant cites no authority, and we find none, for the proposition that a charge of violating N.C. Gen. Stat. § 90-95(a)(1)[1] is an exception to the general rule and that an indictment alleging violation of that statute is facially invalid if it is couched in the language of the statute but does not include the word "knowing." Furthermore, in the case sub judice, the indictment alleged that defendant "did . . . willfully . . . possess [cocaine] with intent to sell or deliver . . . ." Our Supreme Court has held that "[t]he term willfully implies that the act is done knowingly . . . ." State v. Falkner, 182 N.C. 793, 798, 108 S.E. 756, 758 (1921) (emphasis in original) (quoted in Clayton v. Clayton, 54 N.C. App. 612, 615, 284 S.E.2d 125, 127 (1981)). Therefore, we conclude that the indictment charging defendant with violation of N.C. Gen. Stat. § 90-95(a)(1), which alleged unlawful, willful, and felonious possession of cocaine with intent to sell or deliver, clearly set forth the charge and was sufficient to notify defendant of the charges against him and allowed him to prepare his defense. Accordingly, this assignment of error is overruled.

B. Evidentiary issues
Defendant's second contention is that the trial court erred by allowing the admission of evidence regarding a confidential informant who was neither identified nor called as a witness. Specifically, defendant argues that the trial court erred when it allowed defendant's witness, Officer McKinney, to testify that: (1) the informant had provided valuable information since 1997, adduced by the State on cross-examination; and (2) the informant was the best that Officer McKinney had ever had, adduced by defendant on re-direct examination.
A party who fails to "present[] to the trial court a timely request, objection or motion" waives appellate review of the issue. N.C.R. App. P. 10(b)(1). Defendant did not object at trial to Officer McKinney's testimony regarding how long the informant had provided valuable information, and defendant did not move to strike as nonresponsive Officer McKinney's testimony as to the quality of the informant's work. Defendant has therefore waived appellate review of this testimony, and his assignment of error is accordingly dismissed.

C. Motion to dismiss
Defendant's third contention is that the trial court erred in failing to dismiss for insufficient evidence the charges of possession with intent to sell or deliver cocaine and possession of drug paraphernalia. We disagree.
Defendant argues that even though the crack and the crack paraphernalia which defendant was alleged to possess were found underneath the driver's seat in the vehicle driven by and occupied solely by defendant, the State could not survive a motion to dismiss because the State presented no evidence that defendant was in possession of the crack and the crack paraphernalia. Specifically, defendant contends that the State failed to present evidence: (1) that the vehicle was registered to defendant, (2) that defendant put the crack and the crack paraphernalia in the vehicle, or (3) that defendant was aware that the crack and the crack paraphernalia were underneath the driver's seat of the vehicle that he was driving.
When ruling on a motion to dismiss for insufficiency of the evidence, the trial court must consider evidence in the light most favorable to the State, drawing all reasonable inferences in its favor. State v. McCullers, 341 N.C. 19, 28-29, 460 S.E.2d 163, 168 (1995). Whether evidence is sufficient is determined by demonstrating that substantial evidence exists as to each essential element of the offense charged and of the defendant being the perpetrator of that offense. State v. McAvoy, 331 N.C. 583, 589, 417 S.E.2d 489, 493 (1992).
"Proof of nonexclusive, constructive possession is sufficient" to survive a motion to dismiss for insufficient evidence of possession of controlled substances or contraband. State v. Tisdale, 153 N.C. App. 294, 297-99, 569 S.E.2d 680, 682 (2002) (citation and quotation omitted). "[C]onstructive possession depends on the totality of circumstances in each case." State v. James, 81 N.C. App. 91, 93, 344 S.E.2d 77, 79 (1986). "An inference of constructive possession can . . . arise from evidence which tends to show that a defendant was the custodian of the vehicle where the controlled substance was found." State v. Dow, 70 N.C. App. 82, 85, 318 S.E.2d 883, 886 (1984) (finding constructive possession of marijuana discovered under rear seat floor mat where defendant had custody of a borrowed car for only three days and had two passengers in the rear seat when the marijuana was discovered); see also Tisdale, 153 N.C. App. at 298, 569 S.E.2d 680, 682-83 (finding constructive possession of cocaine under the driver's seat where defendant was arrested driving a borrowed car that had been recently washed by an admitted cocaine addict who testified that he had placed cocaine in the car).
In the case sub judice, the crack and the crack paraphernalia were found under the driver's seat of the vehicle being driven by defendant. Defendant was the only person in the car at the time of his arrest. No evidence was produced regarding the name of the registered owner. The utility bill found with the crack and the crack paraphernalia inside the handbag under the driver's seat bore the name of defendant's wife. The only evidence that supports an inference that defendant did not control the vehicle was evidence that defendant had been seen outside the car, waiting to get it washed, shortly before his arrest. Under our precedents, viewing the evidence in the light most favorable to the State, the totality of the circumstances in the case sub judice is substantial evidence to support a finding of constructive possession of the crack and the crack paraphernalia sufficient to survive the motion to dismiss. Defendant's assignment of error is therefore overruled.

D. Sentencing
Defendant's final contention is that the trial court committed plain error by sentencing him as a prior record level IV offender, and this error entitles him to a new sentencing hearing. We agree.
Defendant argues that two of the felonies on the sentencing worksheet were disposed of in the same court on the same date, and if the worksheet had added only the highest point felony, as required by N.C. Gen. Stat. § 15A-1340.14(d) (2005), defendant would have been sentenced as a level III offender, rather than as a level IV offender. The State argues that a clerical error caused the two convictions in question to appear to have occurred on the same date, when in fact, this was not the case.[2]
Defendant did not raise before the trial court the issue that the two felonies occurred on the same date in the same court, which ordinarily would result in waiver of the issue on appeal. N.C.R. App. P. 10(b)(1). "However, where an error appears on the face of the record, this Court can deal with it whether it was raised by the parties or not." State v. Wilson, 338 N.C. 244, 258, 449 S.E.2d 391, 400 (1994) (remanding for resentencing where duplicitous aggravating factors were not raised by either party). In the case sub judice, an obvious error  adding both felonies which were disposed of in the same court on the same day to the point total  appears on the face of the sentencing worksheet. Accordingly, we remand for resentencing, at which time the trial court may consider any motions which may be filed by the State or defendant regarding correction of the sentencing worksheet.

III. Conclusion
For reasons stated above, we conclude that the indictment charging defendant with violating N.C. Gen. Stat. § 90-95(a)(1) was not fatally defective, (2) defendant waived appellate review of the error assigned to testimony regarding the police informant, and (3) the evidence for both charges was sufficient to survive a motion to dismiss. Accordingly, we hold that defendant received a fair trial, free of reversible error, as to his guilt. However, we conclude that the error on the face of the sentencing worksheet requires remand for resentencing.
REMANDED FOR RESENTENCING.
Judges McCULLOUGH and BRYANT concur.
Report per Rule 30(e).
NOTES
[1] "Except as authorized by this Article, it is unlawful for any person: (1) To manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance[.]""

N.C. Gen. Stat. § 90-95(a)(1) (2003).
[2] The State moved on 19 January 2007 to correct the clerical error. That motion was denied "without prejudice to seek the requested relief from the trial court," which the State was unable to do during the pendency of this appeal. N.C. Gen. Stat. § 1-294 (2005).