STATE OF NORTH CAROLINA
v.
ALFREDO ALVARDO.
No. COA09-428.
Court of Appeals of North Carolina.
Filed: January 19, 2010.
This case not for publication
Attorney General, Roy Cooper, by Assistant Attorney General Scott K. Beaver, for the State.
Thomas R. Sallenger, for Defendant Appellant.
WYNN, Judge.
In cases where a defendant lacks exclusive control over an area in which narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred.[1] Here, Defendant contends that the trial court erroneously failed to dismiss drug trafficking charges because he was not in possession of the narcotics. Because other incriminating circumstances indicate that Defendant was in constructive possession of the narcotics, we find no error.
The State's evidence at trial tended to show that on 20 July 2005, Lieutenant Randy Binns, Sergeant Jeff Dorsett, and Deputy Derrick Burleson of the Montgomery County Sheriff's Department worked on an eradication operation with members of the Air National Guard who conducted a helicopter search looking for groves of marijuana and provided information to the officers on the ground. During the officers' patrol of the ground area, a burgundy Ford Crown Victoria suddenly pulled in front of the officers' vehicle, prompting Lieutenant Binn to turn the vehicle around and activate its blue lights and siren. When the driver of the Crown Victoria responded by stopping and blocking a private driveway, the officers directed the driver to move the vehicle forward to clear the entrance of the driveway. In response, the driver of the Crown Victoria accelerated and sped away. The officers returned to their vehicle and pursued the fleeing Crown Victoria. When the Crown Victoria came to a stop on a dead-end street, the driver and passenger exited the vehicle and fled on foot. During the pursuit, Lieutenant Binns identified Defendant Alfredo Alvardo as the driver of the Crown Victoria. Eventually, the officers apprehended the passenger; however, Defendant was able to elude capture.
During a search of the Crown Victoria, the officers recovered cocaine located in a duffel bag on the vehicle's floor behind the driver's seat. Approximately four months later, Defendant was arrested at his home and law enforcement officials recovered a shirt matching a description of one that Defendant was alleged to have been wearing during the incident.
Following the institution of charges and an ensuing jury trial, Defendant was convicted of trafficking in cocaine by transportation of more than 400 grams and trafficking in cocaine by possession of more than 400 grams. On appeal from that judgment, he argues: I) the charge of trafficking in cocaine by possession was not supported by sufficient evidence; II) the charge of trafficking in cocaine by transportation was not supported by sufficient evidence; and III) the trial court's instruction as to flight was not supported by adequate evidence.

I.
Defendant first argues that the charge of trafficking in cocaine by possession was not supported by sufficient evidence. We disagree.
In a motion to dismiss a criminal charge, all the evidence is viewed in the light most favorable to the state. State v. Smith, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980). The trial court must determine whether substantial evidence exists for each essential element of the offense. Id. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The offense of trafficking in cocaine by possession requires the State to show that: 1) the defendant was in knowing possession of the cocaine; and 2) the cocaine recovered was more than the statutory amount. State v. Acolatse, 158 N.C. App. 485, 488, 581 S.E.2d 807, 809 (2003). "The `knowing possession' element of the offense of trafficking by possession may be established by a showing . . . [that] the defendant had constructive possession . . . ." State v. Reid, 151 N.C. App. 420, 428, 566 S.E.2d 186, 192 (2002).
Moreover, "where contraband material is found in a vehicle under the control of an accused, . . . this fact is sufficient to give rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury." State v. Tisdale, 153 N.C. App. 294, 298, 569 S.E.2d 680, 682 (2002) (citations omitted). "The driver of a borrowed car, like the owner of the car, has the power to control the contents of the car." State v. Glaze, 24 N.C. App. 60, 64, 210 S.E.2d 124, 127 (1974) (citations omitted). However, "if the accused offers evidence rebutting the inference, the State must show other incriminating circumstances before constructive possession may be inferred." Tisdale, 153 N.C. App. at 298, 569 S.E.2d at 682.
Incriminating circumstances relevant to constructive possession include evidence that defendant: (1) owned other items found in proximity to the contraband; (2) was the only person who could have placed the contraband in the position where it was found; (3) acted nervously in the presence of law enforcement; (4) resided in, had some control of, or regularly visited the premises where the contraband was found; (5) was near contraband in plain view; or (6) possessed a large amount of cash.
State v. Alston, ___ N.C. App. ___, ___, 668 S.E.2d 383, 386 (2008) (citation omitted), aff'd per curiam, 363 N.C. 367, 677 S.E.2d 455 (2009). Constructive possession is based on a totality of the circumstances, and no single factor will control the trial court's determination. Id. at ___, 668 S.E.2d at 387.
At trial, Defendant presented evidence to rebut the inference of knowledge and possession of the cocaine found in the car that he was driving. Defendant's evidence tended to show that he was not the owner of the vehicle and did not have exclusive control of the vehicle. In light of Defendant's evidence rebutting the inference of knowledge and possession, the record shows that the State presented evidence of other incriminating circumstances indicating that Defendant was in constructive possession of the cocaine found behind the driver's seat of the vehicle. Indeed, the State's evidence tended to show that Defendant was identified as the driver of the vehicle; sped away and attempted to flee in the vehicle after being pulled over by the police; drove the vehicle to a stop on a dead end street; exited the vehicle; fled on foot; and evaded capture by running away from the vehicle. Additionally, when Defendant was apprehended several months later, officers recovered a shirt that appeared to be the one worn by Defendant on the night of the incident. Defendant's flight, as the driver of the vehicle and on foot, indicated that Defendant acted nervously in the presence of law enforcement and had some control over the vehicle in which the officers found the drugs.
We hold that the State presented sufficient evidence of other incriminating circumstances to overcome Defendant's rebuttal of the inference of knowledge and possession. Accordingly, we hold that the other incriminating evidence was sufficient to establish that Defendant was in constructive possession of the narcotics recovered from the vehicle.

II.
Defendant next contends that the State failed to show that he was transporting a controlled substance. We disagree.
Trafficking cocaine by transportation requires the State to show that Defendant 1) knowingly; 2) possessed or transported a controlled substance; and 3) that the amount transported was greater than the statutory threshold amount. State v. Shelman, 159 N.C. App. 300, 307, 584 S.E.2d 88, 94, disc. review denied, 357 N.C. 581, 589 S.E.2d 363 (2003). This Court has defined transportation as "[a]ny real carrying about or movement from one place to another." State v. Outlaw, 96 N.C. App. 192, 197, 385 S.E.2d 165, 168 (1989) (quotations omitted), disc. review denied, 326 N.C. 266, 389 S.E.2d 118 (1990).
"In determining whether a `substantial movement' has occurred `all the circumstances surrounding the movement and not simply the fact of a physical movement of the contraband from one spot to another' should be considered." State v. Carmon, 156 N.C. App. 235, 242, 576 S.E.2d 730, 736 (citations omitted), aff'd per curiam, 357 N.C. 500, 586 S.E.2d 90 (2003). This Court has also recognized that even a slight distance can constitute transportation, depending upon the purpose of the movement and the areas from which the items were moved. State v. McRae, 110 N.C. App. 643, 646, 430 S.E.2d 434, 436, disc. review denied, 334 N.C. 625, 435 S.E.2d 347 (1993).
Here, Defendant was identified as the driver of the vehicle, and we have already determined that the evidence was sufficient to show that Defendant was in constructive possession of the contraband. The officers testified that they first encountered the vehicle as it pulled out of a parking lot into a residential street. After being stopped by the officers, Defendant attempted to flee from capture. During the vehicular pursuit, the drugs were still being transported. Indeed, the evidence was sufficient to show that but for action by the officers, the cocaine would likely have been transported to its intended destination.
In light of this evidence, we hold that the trial court did not err by denying Defendant's motion to dismiss the charge of trafficking cocaine by transportation.

III.
Defendant last contends that the trial court's instruction as to flight was not supported by adequate evidence. We disagree.
At trial, the trial court provided jurors with the following instruction:
The State contends and the defendant denies that the defendant fled. Evidence of flight may be considered by you, together with all other facts and circumstances in this case, in determining whether the combined circumstances amount to an admission or show a consciousness of guilt. However, proof of this circumstance is not sufficient in and of itself to establish a defendant's guilt.
Trial courts are given latitude when deciding whether to instruct jurors on the issue of flight. "[J]ury instructions relating to the issue of flight are proper as long as there `is some evidence in the record reasonably supporting the theory that the defendant fled after the commission of the crime charged.'" State v. Allen, 346 N.C. 731, 740, 488 S.E.2d 188, 193 (1997) (citation omitted). However, merely leaving the scene of the crime does not warrant an instruction on flight. The defendant must have also attempted to avoid apprehension. State v. Levan, 326 N.C. 155, 165, 388 S.E.2d 429, 434 (1990). However, "[s]o long as there is some evidence in the record reasonably supporting the theory that defendant fled after commission of the crime charged, the instruction is properly given. The fact that there may be other reasonable explanations for defendant's conduct does not render the instruction improper." State v. Irick, 291 N.C. 480, 494, 231 S.E.2d 833, 842 (1977).
Here, the evidence tended to show that Defendant led police on a chase away from the scene of the original stop; when Defendant could no longer continue his escape in the vehicle, he successfully eluded capture on foot; and officers were not able to locate Defendant until approximately four months later. Thus, the record reflects evidence that would suggest Defendant fled and took steps to avoid police apprehension.
Accordingly, we uphold the trial court's decision to instruct on flight.
No Error
Judges MCGEE and ELMORE concur.
Report per Rule 30(e).
NOTES
[1] State v. Davis, 325 N.C. 693, 697, 386 S.E.2d 187, 190 (1989).