STATE OF NORTH CAROLINA v. WILLIE FRANKLIN GREEN

No. 855SC19

(Filed 17 September 1985)

1. **Criminal Law § 44— dog tracking evidence**

Evidence of tracking by a dog is admissible where the dog is not a bloodhound as long as the final three foundation requirements set forth in *State v. McLeod,* 196 N.C. 542, 146 S.E. 409 (1929), are satisfied.

2. **Criminal Law § 44— dog tracking evidence—acuteness of scent—training, experience and proven ability—sufficient showing**

The State made a sufficient showing of acuteness of scent and training, experience and proven ability in tracking by a Doberman and a Rottweiler for the admission of testimony of tracking by such dogs where the dog handler testified as to the acute and highly discriminating sense of smell possessed by both dogs; the handler described the extensive training of the two dogs, how they acquired reliability through their training and experience, and the fact that they were extremely adept at pursuing a human track by virtue of their keen sense of smell, intelligence, and training; and the handler noted that he had worked with the two dogs ever since they were born and that the Doberman had 75 felony arrests to his credit, most of which involved tracking humans.

State v. Green

3. **Criminal Law § 44— dog tracking evidence—substantial assurance of identification**

The State sufficiently showed that tracking by two dogs occurred under circumstances that permit substantial assurance of identification where the dog handler testified that the dogs followed a combined scent which began with a scent source consisting of clothing articles taken from defendant and a codefendant; this scent source was placed at the scene of a break-in and the dogs were ordered to track that scent; the tracking took place the same night as the break-in; and the dogs followed a trail to the point where stolen goods were recovered and further to the point where the defendant and codefendant were apprehended by the police.

APPEAL by defendant from *Llewellyn, Judge*. Judgment entered 12 June 1984 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 13 August 1985.

Defendant was found guilty by a jury of felonious breaking or entering and felonious larceny. The trial court entered a judgment on the verdict sentencing him to ten years in prison. Defendant appealed.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Dolores O. Nesnow, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Robin E. Hudson, for defendant appellant.*

WEBB, Judge.

The State's case relied on tracking evidence from two police dogs. The dogs, a Rottweiler and a Doberman pinscher, started with a scent source consisting of gloves and shoes taken from defendant and a codefendant. The scent source was placed at the scene of the crime, a broken store window, and on command the Doberman tracked the scent to a location where two microwave ovens taken from the store had been abandoned. The Doberman was then taken off the trail to protect it from cold rain. The Rottweiler then traced the scent along the same path and further to a point where the defendant and codefendant were apprehended by the police.

Defendant contends the dog tracking evidence should have been excluded and the charges dismissed for insufficiency of the evidence because there was no testimony establishing the characteristics of either breed of dog. Defendant did not object to the

lack of foundation at trial. He did move to suppress the dog track-
ing evidence on the basis that his constitutional right against self-
incrimination was violated when the articles used as a scent
source were taken from him, but this argument has been aban-
doned on appeal. Defendant's failure to object to the lack of testi-
mony establishing the characteristics of the dog breeds renders
this assignment of error subject to dismissal. N.C. Rules of Ap-
pellate Procedure, Rule 10. We nonetheless consider it in our
discretion.

[1] Defendant relies on the oft-quoted rule from *State v.
McLeod*, 196 N.C. 542, 545, 146 S.E. 409, 411 (1929), that:

> It is fully recognized in this jurisdiction that the action
> of bloodhounds may be received in evidence when it is prop-
> erly shown: (1) that they are of pure blood, and of a stock
> characterized by acuteness of scent and power of discrimina-
> tion; (2) that they possess these qualities, and have been ac-
> customed and trained to pursue the human track; (3) that
> they have been found by experience reliable in such pursuit;
> (4) and that in the particular case they were put on the trail
> of the guilty party, which was pursued and followed under
> such circumstances and in such way as to afford substantial
> assurance, or permit a reasonable inference, of identification.
> (Citations omitted.)

Like *McLeod*, all the reported decisions we have found that in-
volve dog tracking speak of bloodhounds. The first requirement,
that bloodhounds be of pure blood and of a stock characterized of
acute scent, has been relaxed somewhat in later cases. *State v.
Rowland*, 263 N.C. 353, 359, 139 S.E. 2d 661, 665 (1965), held that
pedigree was unimportant, for "if the dog has been identified as a
bloodhound, it has been the conduct of the hound and other at-
tendant circumstances, rather than the dog's family tree, which
have determined the admissibility of his evidence." *Rowland* held
that the dog in question had "pedigreed himself" by his perform-
ance. *Id.* at 360, 139 S.E. 2d 666. Similarly, *State v. Porter*, 303
N.C. 680, 281 S.E. 2d 377 (1981), held that the "pure blood" re-
quirement of *McLeod, supra,* could be satisfied simply by identify-
ing the dog as a bloodhound and showing that he performed well
in following human scent. The "pure blood" requirement was fur-
ther qualified in *State v. Bines*, 8 N.C. App. 1, 4, 173 S.E. 2d 605,

607, *cert. denied,* 277 N.C. 113 (1970), *cert. denied,* 405 U.S. 1040, 31 L.Ed. 2d 580, 92 S.Ct. 1318 (1972), which allowed testimony as to the tracking of a defendant by a dog which was "a three-way cross, being part bloodhound, part black and tan coon hound, and part red bone coon hound." *See also, State v. Hawley,* 54 N.C. App. 293, 283 S.E. 2d 387 (1981), *disc. rev. denied,* 305 N.C. 305, 291 S.E. 2d 152 (1982). The foregoing cases demonstrate a decreasing emphasis on the requirement that the tracking dog be a pure blood bloodhound yet they continue to require the dog to have training, experience, and proven ability in tracking. None of the cases hold that a tracking dog must be a bloodhound and no other breed. We conclude that evidence of tracking by a dog is admissible where the dog is not a bloodhound as long as the final three foundation requirements quoted from *McLeod, supra,* are satisfied.

[2]   The dog handler in the present case testified as to the acute and highly discriminating sense of smell possessed by the Doberman and Rottweiler. He described their extensive training, how they acquired reliability through their training and experience, and the fact that they were extremely adept at pursuing a human track by virtue of their keen sense of smell, intelligence, and training. He noted that he had worked with the two dogs ever since they were born, and that the Doberman had 75 felony arrests to his credit, most of which involved tracking humans. This testimony satisfied the second and third requirements of *McLeod, supra.*

[3]   Defendant maintains that the fourth *McLeod* requirement— that the tracking occur under circumstances that permit substantial assurance of identification—was not met in this case. The dog handler testified that the dogs followed a "combined scent" which began with a scent source consisting of clothing articles taken from defendant and the codefendant. This scent source was placed at the scene of the break-in and the dogs were, in turn, ordered to track that scent. The tracking took place the same night as the break-in. The dogs followed a trail to the point where the stolen goods were recovered and further to the point where the defendant and codefendant were apprehended by the police. The record shows no possibility that the dogs were tracking only the codefendant because the handler repeatedly testified that they were following a combined scent from the clothing articles of both men.

The dogs' tracking actions were consistent with each other. We hold that these circumstances meet the *McLeod* requirement of a substantial assurance of identification.

The evidence was therefore sufficient to support defendant's conviction.

No error.

Chief Judge HEDRICK and Judge WELLS concur.