TYSON, Judge.
 

 *141
 
 Kenrick J. Battle ("Defendant") appeals from judgment entered upon a jury's conviction of felonious possession of a firearm by a felon. We reverse the trial court's denial of Defendant's motion to dismiss.
 

 *142
 

 I. Background
 

 On 3 February 2015, Edgecombe County Sheriff's deputies arrived at a residence in a rural part of the county in an attempt to locate Defendant. They determined Defendant was not present inside the residence and left. The deputies received a "tip" approximately fifteen minutes later, which caused them to establish a perimeter around a large section of woods adjacent to the residence.
 

 Deputy Kenneth Wooten deployed a canine, a Dutch Shepherd, "Max," to track human scent in the wooded area. Deputy Wooten testified Max is trained "to track human beings that have fled from an area" and "indicate where someone is hiding" by tracking a combination of human scent, crushed vegetation, and sedimentation. Deputy Wooten further testified Max is trained to "ensure [he] is not going to veer off of one track onto another," and to remain on the original track in the event he detects the scent of another human being.
 

 Deputy Wooten took Max along a wood line and was accompanied by Detective Greg Weeks. Max detected a human scent on a footpath, which led into the woods. Max led
 
 *436
 
 the deputies and proceeded along the footpath, which ended approximately fifteen to twenty yards from the beginning of the wood line. Max continued to track into the woods, and led the deputies across a ditch and into a dense thicket. While in the vegetation, Max raised his head and began sniffing the air. This behavior, Deputy Wooten referred to as "air scenting," indicated they were "close to someone or something." The deputies saw an "assault rifle" in front of Max, which they retrieved and determined it was loaded.
 

 Max began tracking away from the area from where the rifle was found. He led the deputies through the woods, parallel to Highway 122. The deputies continued to follow Max parallel to the highway, until they came upon a ditch at the edge of a field. A footprint was visible on the other side of the ditch. Max led the deputies across the ditch, but lost the track. Another man, Anthony Lyons, emerged from the woods at another location, while Max and the deputies were near the ditch. Another deputy arrested Lyons at the perimeter of the woods.
 

 The deputies and Max emerged from the woods after Max lost the track. They gave the recovered rifle to their supervisor, and allowed Max to rest for approximately five minutes. The deputies and Max returned to the ditch, where Max had lost the track. According to Deputy Wooten, Max "immediately picked the track back up," and led the officers toward the highway. Max led the officers into an area of extremely thick briars and began "air scenting." Defendant was discovered lying upon the
 
 *143
 
 ground. Deputy Wooten testified the distance between where the rifle was recovered and Defendant was found was between seventy-five and one hundred yards.
 

 No evidence was presented regarding the ownership of the rifle. DNA swabs that were taken from the rifle and compared to Defendant's DNA were inconclusive. The State did not present any fingerprint or additional evidence to connect Defendant to the rifle.
 

 The State presented evidence tending to show Defendant was previously convicted of a felony offense, taking indecent liberties with a child, in 2009. The jury convicted Defendant of possession of a firearm by a felon. The trial court sentenced Defendant to an active prison term of nineteen to thirty-two months. Defendant appeals.
 

 II. Jurisdiction
 

 Jurisdiction lies in this Court from final judgment of the superior court entered upon the jury's verdict pursuant to N.C. Gen. Stat. §§ 7A-27(b)(1) and 15A-1444(a) (2015).
 

 III. Sufficiency of the Evidence
 

 In his sole argument on appeal, Defendant argues the trial court erred by denying his motion to dismiss the charge of possession of a firearm by a felon. Defendant asserts the State presented insufficient evidence to show he possessed the rifle found in the woods. We agree.
 

 A. Standard of Review
 

 "We review the trial court's denial of a motion to dismiss
 
 de novo
 
 ."
 
 State v. Sanders
 
 ,
 
 208 N.C.App. 142
 
 , 144,
 
 701 S.E.2d 380
 
 , 382 (2010). Under a
 
 de novo
 
 standard of review, this Court "considers the matter anew and freely substitutes its own judgment for that of the trial court."
 
 Id
 
 .
 

 In ruling on a motion to dismiss for insufficiency of the evidence,
 

 the trial court must consider the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor. All evidence, competent or incompetent, must be considered. Any contradictions or conflicts in the evidence are resolved in favor of the State, and evidence unfavorable to the State is not considered. In its analysis, the trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense.
 

 *144
 
 Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. When the evidence raises no more than a suspicion of guilt, a motion to dismiss should be granted. However, so long as the evidence supports a reasonable inference of the defendant's guilt, a motion to dismiss is properly denied even though the evidence also permits a reasonable inference of the defendant's innocence. The test for sufficiency of the
 
 *437
 
 evidence is the same whether the evidence is direct, circumstantial or both.
 

 State v. Bradshaw
 
 ,
 
 366 N.C. 90
 
 , 92-93,
 
 728 S.E.2d 345
 
 , 347 (2012) (internal citation and quotation marks omitted).
 

 B. Possession of the Firearm
 

 To convict Defendant of felonious possession of a firearm by a felon, the State must prove: (1) Defendant was previously convicted of a felony; and (2) Defendant thereafter possessed a firearm.
 
 N.C. Gen. Stat. § 14-415.1
 
 (2015) ;
 
 State v. Best
 
 ,
 
 214 N.C.App. 39
 
 , 45,
 
 713 S.E.2d 556
 
 , 561,
 
 disc. review denied
 
 ,
 
 365 N.C. 361
 
 ,
 
 718 S.E.2d 397
 
 (2011). Defendant does not challenge his status as a convicted felon. He argues the State failed to present sufficient evidence he possessed the firearm the deputies discovered in the woods.
 

 Possession of a firearm may be actual or constructive.
 
 State v. Billinger,
 

 213 N.C.App. 249
 
 , 253,
 
 714 S.E.2d 201
 
 , 205 (2011). Our Court has explained:
 

 A person has actual possession of a firearm if it is on his person, he is aware of its presence, and either by himself or together with others he has the power and intent to control its disposition or use. In contrast, a person has constructive possession of a firearm when, although not having actual possession, the person has the intent and capability to maintain control and dominion over the firearm.
 

 Id
 
 . at 253-54,
 
 714 S.E.2d at 205
 
 .
 

 " 'It is sometimes difficult to distinguish between evidence sufficient to carry a case to the jury, and a mere scintilla, which only raises a suspicion or possibility of the fact in issue.' "
 
 State v. Brooks
 
 ,
 
 136 N.C.App. 124
 
 , 129,
 
 523 S.E.2d 704
 
 , 708 (1999) (quoting
 
 State v. Johnson
 
 ,
 
 199 N.C. 429
 
 ,
 
 154 S.E. 730
 
 (1930) ),
 
 disc. review denied
 
 ,
 
 351 N.C. 475
 
 ,
 
 543 S.E.2d 496
 
 (2000). If the evidence "is sufficient only to raise a suspicion
 
 *145
 
 or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion for nonsuit should be allowed. This is true even though the suspicion so aroused by the evidence is strong."
 
 In re Vinson
 
 ,
 
 298 N.C. 640
 
 , 656-57,
 
 260 S.E.2d 591
 
 , 602 (1979) (citations omitted). Here, the testimonies of Deputy Wooten and Detective Weeks regarding Max's tracking behavior may raise a "strong suspicion" that Defendant possessed the rifle, constructively or otherwise, "but [is] not sufficient to remove that issue from the realm of suspicion and conjecture."
 
 State v. Malloy
 
 ,
 
 309 N.C. 176
 
 , 179,
 
 305 S.E.2d 718
 
 , 720 (1983).
 

 Our Court has declined to uphold convictions based upon constructive possession in cases where the defendant is not the sole occupant of the area where the firearm is found, and no other incriminating evidence links the defendant to the weapon. For example, Defendant cites
 
 State v. Bailey
 
 to support his argument the State failed to present sufficient evidence to show he constructively possessed the rifle.
 
 233 N.C.App. 688
 
 ,
 
 757 S.E.2d 491
 
 ,
 
 disc. review denied
 
 ,
 
 367 N.C. 789
 
 ,
 
 766 S.E.2d 678
 
 (2014). In
 
 Bailey
 
 , officers responded to a report of gunshots at an apartment complex, and saw a vehicle drive away.
 
 Id
 
 . at 689,
 
 757 S.E.2d at 492
 
 . Officers stopped the vehicle, which was owned and driven by the defendant's girlfriend.
 
 Id
 
 . The defendant was seated in the passenger's seat and told the officers that a firearm was located on the rear floorboard.
 
 Id
 
 . The firearm was warm, had recently been fired, and was registered to the defendant's girlfriend.
 
 Id
 
 . A gunshot residue test taken of the defendant's hands was inconclusive.
 
 Id
 
 . at 689-90,
 
 757 S.E.2d at 492
 
 . This Court held "the only evidence linking [the] defendant to the rifle was his presence in the vehicle and his knowledge that the gun was in the backseat[,]" and was insufficient to allow the jury to infer constructive possession.
 
 Id
 
 . at 693,
 
 757 S.E.2d at 494
 
 .
 

 We acknowledge the officers' testimonies that Max tracked an unknown human scent from the wood line to the area where the rifle was recovered, and that Max is trained not to veer off one human scent and onto another. However the rifle was not found in Defendant's physical possession or in the immediate area under his "capability to maintain control and dominion over the firearm."
 
 Billinger
 
 ,
 
 213 N.C.App at 254
 
 ,
 
 714 S.E.2d at 205
 
 . Another man was also present in the same woods as Defendant, while the officers
 
 *438
 
 searched for Defendant. Furthermore, Max lost the original track at the ditch, took a break to rest outside of the woods, and then resumed tracking.
 

 This Court has upheld a defendant's conviction, where the defendant was identified as the perpetrator by a tracking canine.
 

 *146
 

 State v. Green
 
 ,
 
 76 N.C.App. 642
 
 ,
 
 334 S.E.2d 263
 
 ,
 
 disc. review denied
 
 ,
 
 315 N.C. 187
 
 ,
 
 340 S.E.2d 751
 
 (1985). In
 
 Green
 

 ,
 
 the officers utilized two canines to investigate a breaking and entering and larceny from a store.
 
 Id
 
 . at 643,
 
 334 S.E.2d at 264-65
 
 . The canines were offered a "scent source" at the crime scene, which consisted of gloves and shoes taken from the defendant and the codefendant.
 
 Id
 
 . at 643,
 
 334 S.E.2d at 265
 
 . One of the dogs, a Doberman pinscher, tracked the scent to a location where two stolen microwave ovens had been abandoned.
 
 Id
 
 . The Doberman was taken off the trail to protect the dog from the cold rain.
 
 Id
 
 . The other dog, a Rottweiler, "then traced the scent along the same path ... to where the defendant and the codefendant were apprehended."
 
 Id
 
 .
 

 The defendant in
 
 Green
 
 argued the trial court erred by admitting the dog tracking evidence without testimony of the characteristics of the breeds, and by failing to dismiss the charges of larceny and breaking and entering for insufficient evidence.
 
 Id
 
 . Our Court held the trial court properly admitted the evidence and the defendant's motion to dismiss was properly denied.
 
 Id
 
 . at 646,
 
 334 S.E.2d at 266
 
 .
 

 In
 
 State v. Styles
 
 ,
 
 93 N.C.App. 596
 
 , 599,
 
 379 S.E.2d 255
 
 , 258 (1989), two bloodhounds tracked a human scent originating from the rape scene to the front door of a trailer where the defendant was staying. The defendant argued on appeal that the evidence was insufficient to convict him, because the victim was unable to identify the defendant as the perpetrator of the rape.
 
 Id
 
 . at 603,
 
 379 S.E.2d at 260
 
 .
 

 Our Court disagreed, and explained "a bloodhound specially trained in tracking human beings led a path from the front of the victim's house to the culvert where shoe prints were found and then to the trailer where the defendant was staying."
 
 Id
 
 . An expert testified the defendant's shoes made the prints at the rape scene and by the culvert.
 
 Id
 
 . at 600,
 
 379 S.E.2d at 258
 
 . Additional expert testimony showed hairs found and recovered at the scene were consistent with the defendant's hair.
 
 Id
 
 .
 

 The facts of this case are distinguishable from those in both
 
 Green
 
 and
 
 Styles
 
 . Here, the testimony of Max's tracking behaviors was the
 
 sole
 
 testimony offered by the State to establish that Defendant constructively possessed the rifle. In
 
 Styles
 
 , hair and shoe print evidence was also presented to show Defendant was the perpetrator.
 
 Id
 
 . In
 
 Green
 
 , the canines were offered a scent source of the defendant and codefendant, and were tracking a known scent.
 
 Green
 
 ,
 
 76 N.C.App. at 643
 
 ,
 
 334 S.E.2d at 265
 
 . Further, unlike the facts in this case, nothing in
 
 Green
 
 and
 
 Styles
 
 indicates the canine lost the track, took a break for a period of time, and then resumed. Defendant was not alone in the immediate area
 
 *147
 
 where the rifle was found. No other evidence, such as fingerprints, DNA, or ownership, linked Defendant to the rifle or the site from which it was recovered.
 

 The officers' testimony is insufficient to establish any link between Defendant and the firearm. The canine tracking evidence on an unknown scent fails to raise, as a matter of law, a reasonable inference of either actual or constructive possession of a firearm by Defendant as a convicted felon. Viewed in the light most favorable to the State, the evidence raises only a "suspicion [or] conjecture" that Defendant possessed the rifle. The trial court erred in denying Defendant's motion to dismiss.
 
 Malloy
 
 ,
 
 309 N.C. at 179
 
 ,
 
 305 S.E.2d at 720
 
 .
 

 IV. Conclusion
 

 After viewing the evidence in the light most favorable to the State, the evidence is insufficient to raise or permit an inference that Defendant actually or constructively possessed the rifle, and to "remove that issue from the realm of suspicion and conjecture."
 
 Id
 
 . The trial court erred by denying Defendant's motion to dismiss the charge of possession of a firearm by a felon.
 

 The trial court's judgment is reversed. This matter is remanded to the trial court for
 
 *439
 
 entry of an order granting Defendant's motion to dismiss.
 
 It is so ordered
 
 .
 

 REVERSED AND REMANDED.
 

 Judges ELMORE and DIETZ concur.