IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-72

No. COA20-440

Filed 16 March 2021

Union County, No. 18 CRS 56243, 56245-46

STATE OF NORTH CAROLINA

v.

DALLAS ROBERT WALTERS

Appeal by defendant from judgment entered 11 February 2020 by Judge Claire V. Hill in Union County Superior Court. Heard in the Court of Appeals 24 February 2021.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Scott Slusser, for the State.*

*Richard Croutharmel for defendant-appellant.*

TYSON, Judge.

Dallas Robert Walters ("Defendant") appeals from judgment entered upon a jury's conviction of two counts of trafficking heroin. We reverse the trial court's denial of Defendant's motion to dismiss and remand.

## I. Background

Union County Sheriff's deputies were waiting at a shopping center parking lot in Monroe on 12 December 2018. Defendant was known by the officers to be driving

while his license was revoked. The officers were present to conduct surveillance on Defendant. The record does not disclose the basis upon which officers were investigating Defendant or how they knew he would be there at that time and place.

¶ 3     The officers waited for a specific black Honda Accord vehicle driven by Defendant. The Honda Accord was not registered to Defendant, but he arrived at the shopping center driving the vehicle with a passenger riding in the front seat. Several officers attempted to stop Defendant's car with their vehicles' lights and sirens activated.

¶ 4     Defendant remained inside the vehicle, weaved around the police cars, and drove away. Detective Gross was located outside of his car with his gun drawn and narrowly avoided being hit by Defendant's car.

¶ 5     Defendant fled from the parking lot onto Highway 37. Officers gave pursuit, which persisted for three to five miles. The vehicles reached speeds of ninety to one hundred miles per hour. Defendant hit the rear of a pickup truck, wrecking the vehicle, and ending the car chase.

¶ 6     After the collision, Defendant's vehicle veered off the highway. Defendant fled from the scene on foot. After a short chase, he was apprehended.

¶ 7     Officers searched Defendant's vehicle and recovered a backpack containing digital scales, syringes, and small plastic bags. Between thirty and forty-five minutes after the chase ended and while Defendant was in custody, officers found two small

plastic bags containing a "black tar substance" on the side of the highway roughly one hundred yards from where the car chase had begun in the shopping center parking lot. One plastic bag contained 1.69 grams of heroin, and the other contained 2.97 grams of heroin.

¶ 8     The bags of heroin were found along the route Defendant had taken during the chase on the driver's side of the road, but they were located "completely off of the roadway." None of the officers testified they saw Defendant, or his passenger throw anything from the car.

¶ 9     Defendant made a motion to dismiss the two charges of trafficking heroin at the conclusion of the State's evidence. Defendant argued a defect existed in the chain of custody of the evidence. He moved to dismiss the charges of trafficking by possession and by transportation as they purportedly arose from "the same act."

¶ 10     The jury convicted Defendant of trafficking in heroin by transportation, trafficking in heroin by possession, two counts of assault with a deadly weapon on a government official, eluding arrest with greater than three aggravating factors, and resisting a public officer. Defendant's sentences for trafficking in heroin by transportation and trafficking in heroin by possession were consolidated for judgment. Defendant was sentenced to an active sentence of 70 to 93 months with 39 days credit for pre-trial detention.

¶ 11     Defendant's convictions for two counts of assault with a deadly weapon of a

government official, eluding arrest with greater than three aggravating factors, and resisting a public officer were consolidated for judgment. Defendant was sentenced to an active sentence of 25 to 39 months to run consecutive to his sentence for the trafficking convictions. Defendant appealed.

## II. Jurisdiction

¶ 12    Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. §§ 7A-27(b)(1) and 15A-1444(a) (2019).

## III. Preservation

¶ 13    The State argues Defendant failed to preserve the issue for appellate review when he moved to dismiss the charges based upon a defect in the chain of custody, rather than for insufficiency of the evidence.

¶ 14    "In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, *stating the specific grounds for the ruling the party desired* the court to make if the specific grounds were not apparent from the context." N.C. R. App. P. 10(a)(1) (emphasis supplied); *see State v. Hamilton*, 351 N.C. 14, 20-21, 519 S.E.2d 514, 519 (1999) (("On appeal, defendant, for the first time, argues testimony was offered for impeachment purposes. Because defendant failed to make this argument at trial, he cannot swap horses between courts in order to get a better mount[.]") (internal quotation marks and alterations omitted) (citing *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934))

("[T]he law does not permit parties to swap horses between courts in order to get a better mount.")).

¶ 15    "In a criminal case, a defendant may not make insufficiency of the evidence to prove the crime charged the basis of an issue presented on appeal unless a motion to dismiss the action . . . is made at trial." N.C. R. App. P. 10(a)(3).

¶ 16    Our Supreme Court recently held Rule 10(a)(3) does not require a defendant to assert a specific ground for a motion to dismiss for insufficiency of evidence. *State v. Golder*, 374 N.C. 238, 245-46, 839 S.E.2d 782, 788 (2020). "Rule 10(a)(3) provides that a defendant preserves all insufficiency of the evidence issues for appellate review simply by making a motion to dismiss the action at the proper time." *Id.*

¶ 17    The Supreme Court further stated, "under Rule 10(a)(3) and our case law, defendant's simple act of moving to dismiss at the proper time preserved all issues related to the sufficiency of the evidence for appellate review." *Id.* at 246, 839 S.E.2d at 788. Based upon our Supreme Court's recent holding in *Golder*, Defendant preserved the argument on appeal. *See id.*

## IV. Standard of Review

¶ 18    "We review the trial court's denial of a motion to dismiss *de novo*. Under a *de novo* standard of review, this Court considers the matter anew and freely substitutes its own judgment for that of the trial court." *State v. Battle*, 253 N.C. App. 141, 143, 799 S.E.2d 434, 436, *writ denied, review denied*, 369 N.C. 756, 799 S.E.2d 872 (2017)

(internal citation and quotation marks omitted).

¶ 19        In ruling upon a motion to dismiss for insufficiency of the evidence,

> the trial court must consider the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor.  All evidence, competent or incompetent, must be considered.  Any contradictions or conflicts in the evidence are resolved in favor of the State, and evidence unfavorable to the State is not considered.  In its analysis, the trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense.  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  When the evidence raises no more than a suspicion of guilt, a motion to dismiss should be granted.  However, so long as the evidence supports a reasonable inference of the defendant's guilt, a motion to dismiss is properly denied even though the evidence also permits a reasonable inference of the defendant's innocence.

*State v. Bradshaw*, 366 N.C. 90, 92-93, 728 S.E.2d 345, 347 (2012) (internal citation

and quotation marks omitted).

¶ 20        "It is sometimes difficult to distinguish between evidence sufficient to carry a

case to the jury, and a mere scintilla, which only raises a suspicion or possibility of

the fact in issue." *Battle*, 253 N.C. App. at 144, 799 S.E.2d at 437 (internal quotations

and citations omitted).  If the evidence proves "only a suspicion of possession," and

fails to show evidence substantial enough to submit the case to the jury, the motion

to dismiss must be granted.  *State v. Acolatse*, 158 N.C. App. 485, 486, 581 S.E.2d

807, 808 (2003); *see State v. Chavis*, 270 N.C. 306, 306-09, 154 S.E.2d 340, 341-43

(1967).

## V. Sufficiency of the Evidence

In his sole argument on appeal, Defendant does not challenge the trial court's ruling on his chain of custody argument, which he abandons, but argues the trial court erred by denying his motion to dismiss the charges of trafficking heroin by transportation and possession. Defendant asserts the State presented insufficient evidence tending to show he possessed the two bags of heroin found on the side of the road. We agree.

The offense of trafficking heroin "has two elements: (1) knowing possession (either actual or constructive) of (2) a specified amount of heroin." *State v. Keys*, 87 N.C. App. 349, 352, 361 S.E.2d 286, 288 (1987); *see also* N.C. Gen. Stat. § 90-95(h)(4)(b) (2019).

Possession of a controlled substance may be actual or constructive. *State v. McLaurin*, 320 N.C. 143, 146, 357 S.E.2d 636, 638 (1987). "A person has actual possession of a substance if it is on his person, he is aware of its presence, and either by himself or together with others he has the power and intent to control its disposition or use." *State v. Reid*, 151 N.C. App. 420, 428-29, 566 S.E.2d 186, 192 (2002).

The Supreme Court of North Carolina has held "constructive possession is sufficient" to prove a defendant possessed a controlled substance. *McLaurin*, 320

N.C. at 146, 357 S.E.2d at 638. "Constructive possession occurs when a person lacks actual physical possession, but nonetheless has the intent and power to maintain control over the disposition and use of the substance." *Acolatse*, 158 N.C. App. at 488, 581 S.E.2d at 810 (internal quotes and citations omitted).

¶ 25 "[U]nless the person has exclusive possession of the place where the narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred." *State v. Tisdale*, 153 N.C. App. 294, 297, 569 S.E.2d 680, 682 (2002). Here, Defendant had no drugs, currency, weapon on his person or in his vehicle, and was not physically present at the site where the drugs were found. The State must demonstrate "other incriminating circumstances" to raise an inference of constructive possession. *Id*.

¶ 26 The State asserts Defendant's flight from the parking lot, the drug paraphernalia found in Defendant's car, and the fact that the drugs were packaged in such a way that is consistent with illegal drug sales is sufficient evidence of circumstances to infer Defendant's constructive possession in the light most favorable to the State.

¶ 27 The State did not lay a foundation for the reason the officers were at the shopping center parking lot observing Defendant and did not in any manner, either from him or his vehicle, connect Defendant to the heroin recovered. Other than the fact that the two bags of heroin were recovered on the side of the roadway along the

three-to-five-mile route of the chase, no evidence was presented to connect Defendant to the heroin recovered.

## A. *State v. Chavis*

Our Supreme Court held a motion for judgment of nonsuit should have been allowed even where the "evidence raise[d] a strong suspicion as to defendant's guilt[.]" *Chavis*, 270 N.C. at 311, 154 S.E.2d at 344. In *Chavis*, officers observed the defendant wearing a gray felt hat and followed him closely for several blocks. The officers lost sight of the defendant for "two or three seconds" and later searched him. *Id.* at 307, S.E.2d at 342. During the search, the defendant was not wearing a hat nor in possession of any contraband. *Id.* Thirty minutes later, officers found a hat of the same kind the defendant had been observed wearing with marijuana in its crown. *Id.* Our Supreme Court held the State failed to show sufficient evidence of constructive possession to sustain the defendant's conviction. *Id.*

## B. *State v. Acolatse*

In *Acolatse*, officers chased the defendant on foot and saw him make a throwing motion toward some bushes. *Acolatse*, 158 N.C. App. at 488, 581 S.E.2d at 810. While the officers failed to find drugs in those bushes, they recovered drugs from a nearby roof, which was located "in a different direction from the bushes." *Id.* at 490, 581 S.E.2d at 811. This Court held that money found on the defendant "in denominations consistent with the sale of controlled substances" and the defendant's throwing

motion observed by the officers were not sufficient "other incriminating circumstances" to infer constructive possession to survive a motion to dismiss. *Id*. at 489, 581 S.E.2d at 810.

### C. *State v. Henry*

In *State v. Henry*, cited by the State, the police officer observed the suspect with a closed and clinched fist during a traffic stop. *State v. Henry*, 237 N.C. App. 311, 314, 765 S.E.2d 94, 97 (2014). Following a scuffle, the officer found the contraband in an area where the scuffle had taken place. *Id*. at 320, 765 S.E.2d at 101. Our Court held the "close juxtaposition" was sufficient to survive the motion to dismiss. *Id.*

Here, unlike *Henry*, the State failed to show Defendant was ever in such "close juxtaposition" to the recovered heroin. He merely drove by the site where the heroin was found during the three-to-five-mile chase. *Id*

The State failed to show any evidence concerning the length of time the heroin was on the side of the road or condition of the packaging. The State also failed to show any connection between the heroin and Defendant, or between the heroin and the items recovered from the search of the Honda Accord.

When the evidence is viewed in the light most favorable to the State, the bags of heroin were found on the driver's side of the road approximately one hundred yards from the area where the car chase started. Inside Defendant's vehicle, officers found

scales, baggies, and syringes. Officers did not observe Defendant throw anything from the window while driving during the chase. Defendant was not in control of the area where the drugs were found, and there is no evidence connecting the bags of heroin to Defendant or to the vehicle he was driving. Without further incriminating circumstances to raise an inference of constructive possession, the State has failed to demonstrate substantial evidence that Defendant possessed the controlled substance.

¶ 34    Following *Chavis* and *Acolatse*, and distinguishing *Henry*, we hold the State failed to present substantial evidence of trafficking heroin by possession and transportation to survive a motion to dismiss. The evidence presented was a "mere scintilla," and only raised the suspicion of Defendant's connection to the heroin. *Battle*, 253 N.C. at 144, 799 S.E.2d at 437. The trial court erred in denying Defendant's motion to dismiss.

## VI. Conclusion

¶ 35    With the issue preserved for appellate review, and after viewing the evidence in the light most favorable to the State, this evidence is not substantial evidence tending to show Defendant constructively possessed the heroin. The trial court erred by denying Defendant's motion to dismiss the charges of trafficking heroin by transportation and trafficking heroin by possession.

¶ 36    Defendant's convictions for two counts of assault by a deadly weapon on a government official, eluding arrest with greater than three aggravating factors, and

resisting a public officer were not appealed. The consolidated judgment and sentence entered thereon remains undisturbed.

¶ 37        The trial court's judgment is reversed on the consolidated charges of trafficking heroin by possession and trafficking heroin by transportation. This matter is remanded to the trial court for entry of an order granting Defendant's motion to dismiss and for any required resentencing. *It is so ordered.*

REVERSED AND REMANDED.

Judges COLLINS and WOOD concur.