IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-72

 No. COA20-440

 Filed 16 March 2021

 Union County, No. 18 CRS 56243, 56245-46

 STATE OF NORTH CAROLINA

 v.

 DALLAS ROBERT WALTERS

 Appeal by defendant from judgment entered 11 February 2020 by Judge Claire

 V. Hill in Union County Superior Court. Heard in the Court of Appeals 24 February

 2021.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Scott
 Slusser, for the State.

 Richard Croutharmel for defendant-appellant.

 TYSON, Judge.

¶1 Dallas Robert Walters (“Defendant”) appeals from judgment entered upon a

 jury’s conviction of two counts of trafficking heroin. We reverse the trial court’s denial

 of Defendant’s motion to dismiss and remand.

 I. Background

¶2 Union County Sheriff’s deputies were waiting at a shopping center parking lot

 in Monroe on 12 December 2018. Defendant was known by the officers to be driving
 STATE V. WALTERS

 2021-NCCOA-72

 Opinion of the Court

 while his license was revoked. The officers were present to conduct surveillance on

 Defendant. The record does not disclose the basis upon which officers were

 investigating Defendant or how they knew he would be there at that time and place.

¶3 The officers waited for a specific black Honda Accord vehicle driven by

 Defendant. The Honda Accord was not registered to Defendant, but he arrived at the

 shopping center driving the vehicle with a passenger riding in the front seat. Several

 officers attempted to stop Defendant’s car with their vehicles’ lights and sirens

 activated.

¶4 Defendant remained inside the vehicle, weaved around the police cars, and

 drove away. Detective Gross was located outside of his car with his gun drawn and

 narrowly avoided being hit by Defendant’s car.

¶5 Defendant fled from the parking lot onto Highway 37. Officers gave pursuit,

 which persisted for three to five miles. The vehicles reached speeds of ninety to one

 hundred miles per hour. Defendant hit the rear of a pickup truck, wrecking the

 vehicle, and ending the car chase.

¶6 After the collision, Defendant’s vehicle veered off the highway. Defendant fled

 from the scene on foot. After a short chase, he was apprehended.

¶7 Officers searched Defendant’s vehicle and recovered a backpack containing

 digital scales, syringes, and small plastic bags. Between thirty and forty-five minutes

 after the chase ended and while Defendant was in custody, officers found two small
 STATE V. WALTERS

 2021-NCCOA-72

 Opinion of the Court

 plastic bags containing a “black tar substance” on the side of the highway roughly one

 hundred yards from where the car chase had begun in the shopping center parking

 lot. One plastic bag contained 1.69 grams of heroin, and the other contained 2.97

 grams of heroin.

¶8 The bags of heroin were found along the route Defendant had taken during the

 chase on the driver’s side of the road, but they were located “completely off of the

 roadway.” None of the officers testified they saw Defendant, or his passenger throw

 anything from the car.

¶9 Defendant made a motion to dismiss the two charges of trafficking heroin at

 the conclusion of the State’s evidence. Defendant argued a defect existed in the chain

 of custody of the evidence. He moved to dismiss the charges of trafficking by

 possession and by transportation as they purportedly arose from “the same act.”

¶ 10 The jury convicted Defendant of trafficking in heroin by transportation,

 trafficking in heroin by possession, two counts of assault with a deadly weapon on a

 government official, eluding arrest with greater than three aggravating factors, and

 resisting a public officer. Defendant’s sentences for trafficking in heroin by

 transportation and trafficking in heroin by possession were consolidated for

 judgment. Defendant was sentenced to an active sentence of 70 to 93 months with

 39 days credit for pre-trial detention.

¶ 11 Defendant’s convictions for two counts of assault with a deadly weapon of a
 STATE V. WALTERS

 2021-NCCOA-72

 Opinion of the Court

 government official, eluding arrest with greater than three aggravating factors, and

 resisting a public officer were consolidated for judgment. Defendant was sentenced

 to an active sentence of 25 to 39 months to run consecutive to his sentence for the

 trafficking convictions. Defendant appealed.

 II. Jurisdiction

¶ 12 Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. §§ 7A-27(b)(1) and

 15A-1444(a) (2019).

 III. Preservation

¶ 13 The State argues Defendant failed to preserve the issue for appellate review

 when he moved to dismiss the charges based upon a defect in the chain of custody,

 rather than for insufficiency of the evidence.

¶ 14 “In order to preserve an issue for appellate review, a party must have

 presented to the trial court a timely request, objection, or motion, stating the specific

 grounds for the ruling the party desired the court to make if the specific grounds were

 not apparent from the context.” N.C. R. App. P. 10(a)(1) (emphasis supplied); see

 State v. Hamilton, 351 N.C. 14, 20-21, 519 S.E.2d 514, 519 (1999) ((“On appeal,

 defendant, for the first time, argues testimony was offered for impeachment purposes.

 Because defendant failed to make this argument at trial, he cannot swap horses

 between courts in order to get a better mount[.]”) (internal quotation marks and

 alterations omitted) (citing Weil v. Herring, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934))
 STATE V. WALTERS

 2021-NCCOA-72

 Opinion of the Court

 (“[T]he law does not permit parties to swap horses between courts in order to get a

 better mount.”)).

¶ 15 “In a criminal case, a defendant may not make insufficiency of the evidence to

 prove the crime charged the basis of an issue presented on appeal unless a motion to

 dismiss the action . . . is made at trial.” N.C. R. App. P. 10(a)(3).

¶ 16 Our Supreme Court recently held Rule 10(a)(3) does not require a defendant

 to assert a specific ground for a motion to dismiss for insufficiency of evidence. State

 v. Golder, 374 N.C. 238, 245-46, 839 S.E.2d 782, 788 (2020). “Rule 10(a)(3) provides

 that a defendant preserves all insufficiency of the evidence issues for appellate review

 simply by making a motion to dismiss the action at the proper time.” Id.

¶ 17 The Supreme Court further stated, “under Rule 10(a)(3) and our case law,

 defendant’s simple act of moving to dismiss at the proper time preserved all issues

 related to the sufficiency of the evidence for appellate review.” Id. at 246, 839 S.E.2d

 at 788. Based upon our Supreme Court’s recent holding in Golder, Defendant

 preserved the argument on appeal. See id.

 IV. Standard of Review

¶ 18 “We review the trial court’s denial of a motion to dismiss de novo. Under a de

 novo standard of review, this Court considers the matter anew and freely substitutes

 its own judgment for that of the trial court.” State v. Battle, 253 N.C. App. 141, 143,

 799 S.E.2d 434, 436, writ denied, review denied, 369 N.C. 756, 799 S.E.2d 872 (2017)
 STATE V. WALTERS

 2021-NCCOA-72

 Opinion of the Court

 (internal citation and quotation marks omitted).

¶ 19 In ruling upon a motion to dismiss for insufficiency of the evidence,

 the trial court must consider the evidence in the light most
 favorable to the State, drawing all reasonable inferences in
 the State’s favor. All evidence, competent or incompetent,
 must be considered. Any contradictions or conflicts in the
 evidence are resolved in favor of the State, and evidence
 unfavorable to the State is not considered. In its analysis,
 the trial court must determine whether there is substantial
 evidence (1) of each essential element of the offense
 charged and (2) that defendant is the perpetrator of the
 offense. Substantial evidence is such relevant evidence as
 a reasonable mind might accept as adequate to support a
 conclusion. When the evidence raises no more than a
 suspicion of guilt, a motion to dismiss should be granted.
 However, so long as the evidence supports a reasonable
 inference of the defendant’s guilt, a motion to dismiss is
 properly denied even though the evidence also permits a
 reasonable inference of the defendant’s innocence.

 State v. Bradshaw, 366 N.C. 90, 92-93, 728 S.E.2d 345, 347 (2012) (internal citation

 and quotation marks omitted).

¶ 20 “It is sometimes difficult to distinguish between evidence sufficient to carry a

 case to the jury, and a mere scintilla, which only raises a suspicion or possibility of

 the fact in issue.” Battle, 253 N.C. App. at 144, 799 S.E.2d at 437 (internal quotations

 and citations omitted). If the evidence proves “only a suspicion of possession,” and

 fails to show evidence substantial enough to submit the case to the jury, the motion

 to dismiss must be granted. State v. Acolatse, 158 N.C. App. 485, 486, 581 S.E.2d

 807, 808 (2003); see State v. Chavis, 270 N.C. 306, 306-09, 154 S.E.2d 340, 341-43
 STATE V. WALTERS

 2021-NCCOA-72

 Opinion of the Court

 (1967).

 V. Sufficiency of the Evidence

¶ 21 In his sole argument on appeal, Defendant does not challenge the trial court’s

 ruling on his chain of custody argument, which he abandons, but argues the trial

 court erred by denying his motion to dismiss the charges of trafficking heroin by

 transportation and possession. Defendant asserts the State presented insufficient

 evidence tending to show he possessed the two bags of heroin found on the side of the

 road. We agree.

¶ 22 The offense of trafficking heroin “has two elements: (1) knowing possession

 (either actual or constructive) of (2) a specified amount of heroin.” State v. Keys, 87

 N.C. App. 349, 352, 361 S.E.2d 286, 288 (1987); see also N.C. Gen. Stat. § 90-

 95(h)(4)(b) (2019).

¶ 23 Possession of a controlled substance may be actual or constructive. State v.

 McLaurin, 320 N.C. 143, 146, 357 S.E.2d 636, 638 (1987). “A person has actual

 possession of a substance if it is on his person, he is aware of its presence, and either

 by himself or together with others he has the power and intent to control its

 disposition or use.” State v. Reid, 151 N.C. App. 420, 428-29, 566 S.E.2d 186, 192

 (2002).

¶ 24 The Supreme Court of North Carolina has held “constructive possession is

 sufficient” to prove a defendant possessed a controlled substance. McLaurin, 320
 STATE V. WALTERS

 2021-NCCOA-72

 Opinion of the Court

 N.C. at 146, 357 S.E.2d at 638. “Constructive possession occurs when a person lacks

 actual physical possession, but nonetheless has the intent and power to maintain

 control over the disposition and use of the substance.” Acolatse, 158 N.C. App. at 488,

 581 S.E.2d at 810 (internal quotes and citations omitted).

¶ 25 “[U]nless the person has exclusive possession of the place where the narcotics

 are found, the State must show other incriminating circumstances before

 constructive possession may be inferred.” State v. Tisdale, 153 N.C. App. 294, 297,

 569 S.E.2d 680, 682 (2002). Here, Defendant had no drugs, currency, weapon on his

 person or in his vehicle, and was not physically present at the site where the drugs

 were found. The State must demonstrate “other incriminating circumstances” to

 raise an inference of constructive possession. Id.

¶ 26 The State asserts Defendant’s flight from the parking lot, the drug

 paraphernalia found in Defendant’s car, and the fact that the drugs were packaged

 in such a way that is consistent with illegal drug sales is sufficient evidence of

 circumstances to infer Defendant’s constructive possession in the light most favorable

 to the State.

¶ 27 The State did not lay a foundation for the reason the officers were at the

 shopping center parking lot observing Defendant and did not in any manner, either

 from him or his vehicle, connect Defendant to the heroin recovered. Other than the

 fact that the two bags of heroin were recovered on the side of the roadway along the
 STATE V. WALTERS

 2021-NCCOA-72

 Opinion of the Court

 three-to-five-mile route of the chase, no evidence was presented to connect Defendant

 to the heroin recovered.

 A. State v. Chavis

¶ 28 Our Supreme Court held a motion for judgment of nonsuit should have been

 allowed even where the “evidence raise[d] a strong suspicion as to defendant’s guilt[.]”

 Chavis, 270 N.C. at 311, 154 S.E.2d at 344. In Chavis, officers observed the defendant

 wearing a gray felt hat and followed him closely for several blocks. The officers lost

 sight of the defendant for “two or three seconds” and later searched him. Id. at 307,

 S.E.2d at 342. During the search, the defendant was not wearing a hat nor in

 possession of any contraband. Id. Thirty minutes later, officers found a hat of the

 same kind the defendant had been observed wearing with marijuana in its crown. Id.

 Our Supreme Court held the State failed to show sufficient evidence of constructive

 possession to sustain the defendant’s conviction. Id.

 B. State v. Acolatse

¶ 29 In Acolatse, officers chased the defendant on foot and saw him make a throwing

 motion toward some bushes. Acolatse, 158 N.C. App. at 488, 581 S.E.2d at 810. While

 the officers failed to find drugs in those bushes, they recovered drugs from a nearby

 roof, which was located “in a different direction from the bushes.” Id. at 490, 581

 S.E.2d at 811. This Court held that money found on the defendant “in denominations

 consistent with the sale of controlled substances” and the defendant’s throwing
 STATE V. WALTERS

 2021-NCCOA-72

 Opinion of the Court

 motion observed by the officers were not sufficient “other incriminating

 circumstances” to infer constructive possession to survive a motion to dismiss. Id. at

 489, 581 S.E.2d at 810.

 C. State v. Henry

¶ 30 In State v. Henry, cited by the State, the police officer observed the suspect

 with a closed and clinched fist during a traffic stop. State v. Henry, 237 N.C. App.

 311, 314, 765 S.E.2d 94, 97 (2014). Following a scuffle, the officer found the

 contraband in an area where the scuffle had taken place. Id. at 320, 765 S.E.2d at

 101. Our Court held the “close juxtaposition” was sufficient to survive the motion to

 dismiss. Id.

¶ 31 Here, unlike Henry, the State failed to show Defendant was ever in such “close

 juxtaposition” to the recovered heroin. He merely drove by the site where the heroin

 was found during the three-to-five-mile chase. Id

¶ 32 The State failed to show any evidence concerning the length of time the heroin

 was on the side of the road or condition of the packaging. The State also failed to

 show any connection between the heroin and Defendant, or between the heroin and

 the items recovered from the search of the Honda Accord.

¶ 33 When the evidence is viewed in the light most favorable to the State, the bags

 of heroin were found on the driver’s side of the road approximately one hundred yards

 from the area where the car chase started. Inside Defendant’s vehicle, officers found
 STATE V. WALTERS

 2021-NCCOA-72

 Opinion of the Court

 scales, baggies, and syringes. Officers did not observe Defendant throw anything

 from the window while driving during the chase. Defendant was not in control of the

 area where the drugs were found, and there is no evidence connecting the bags of

 heroin to Defendant or to the vehicle he was driving. Without further incriminating

 circumstances to raise an inference of constructive possession, the State has failed to

 demonstrate substantial evidence that Defendant possessed the controlled substance.

¶ 34 Following Chavis and Acolatse, and distinguishing Henry, we hold the State

 failed to present substantial evidence of trafficking heroin by possession and

 transportation to survive a motion to dismiss. The evidence presented was a “mere

 scintilla,” and only raised the suspicion of Defendant’s connection to the heroin.

 Battle, 253 N.C. at 144, 799 S.E.2d at 437. The trial court erred in denying

 Defendant’s motion to dismiss.

 VI. Conclusion

¶ 35 With the issue preserved for appellate review, and after viewing the evidence

 in the light most favorable to the State, this evidence is not substantial evidence

 tending to show Defendant constructively possessed the heroin. The trial court erred

 by denying Defendant’s motion to dismiss the charges of trafficking heroin by

 transportation and trafficking heroin by possession.

¶ 36 Defendant’s convictions for two counts of assault by a deadly weapon on a

 government official, eluding arrest with greater than three aggravating factors, and
 STATE V. WALTERS

 2021-NCCOA-72

 Opinion of the Court

 resisting a public officer were not appealed. The consolidated judgment and sentence

 entered thereon remains undisturbed.

¶ 37 The trial court’s judgment is reversed on the consolidated charges of trafficking

 heroin by possession and trafficking heroin by transportation. This matter is

 remanded to the trial court for entry of an order granting Defendant’s motion to

 dismiss and for any required resentencing. It is so ordered.

 REVERSED AND REMANDED.

 Judges COLLINS and WOOD concur.