An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-738

Filed 17 September 2025

Watauga County, No. 23CRS357678-940

STATE OF NORTH CAROLINA

v.

BRANDON HOWARD GREENE, Defendant.

Appeal by defendant from judgment entered 9 January 2024 by Judge Steve R. Warren in Watauga County Superior Court. Heard in the Court of Appeals 20 March 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Tanner J. Ray, for the State-appellee.*

> *The Law Office of Joseph E. Gerber, PLLC, by Joseph E. Gerber, for defendant-appellant.*

GORE, Judge.

This case arises from defendant Brandon Greene's conviction for possession of a firearm by a felon following a jury trial in Superior Court, Watauga County. On appeal, defendant challenges the sufficiency of the evidence supporting his conviction, arguing the State failed to establish constructive possession of the

firearm. Additionally, he raises a constitutional challenge to N.C.G.S. § 14-415.1, asserting the statute is facially and as-applied unconstitutional under the Second Amendment and the North Carolina Constitution. Jurisdiction is proper before this Court, as defendant appeals as of right from a final judgment of the Superior Court, Watauga County, pursuant to N.C.G.S. §§ 15A-1444(a) and 7A-27(b). Upon review, discern no error.

**I.**

Defendant was stopped by Deputy John Greene for running a red light in the early hours of 13 July 2024. Upon approaching the vehicle, Deputy Greene immediately detected the odor of marijuana and questioned defendant about it. Instead of complying with the deputy's instructions to turn off his vehicle, defendant abruptly fled the traffic stop. The chase lasted approximately thirty seconds, during which defendant briefly veered off the main road and onto the sidewalk and grassy area in front of Allen Wealth Management before continuing and stopping in a nearby hotel parking lot.

After placing defendant in custody, Deputy Greene returned to the specific location where defendant deviated from his flight path and discovered a firearm lying on the asphalt entryway. The firearm had visible scuff marks and an ejected magazine. When Deputy Greene later showed the firearm to defendant, defendant froze, looked at the firearm, then refused to make eye contact, exhibiting no surprise or protest. Viewing these facts in the light most favorable to the State, the trial court

denied defendant's motion to dismiss, finding that sufficient incriminating circumstances supported the charge of possession of a firearm by a felon.

Defendant was found guilty of possessing a firearm as a felon. At no time did defendant object to the constitutionality of N.C.G.S. § 14-415.1, the statute prohibiting the possession of a firearm by a felon.

## II.

Defendant argues the trial court erred in denying his motion to dismiss for insufficient evidence of possession of a firearm by a felon. He contends the State failed to present substantial evidence linking him to the firearm, which was found on a public street near his flight path. Defendant asserts his mere proximity to the firearm and his act of flight are insufficient to establish possession beyond a reasonable doubt, particularly in the absence of physical evidence such as fingerprints, DNA, or ownership records connecting him to the weapon.

In support of his argument, defendant cites *State v. Battle*, 253 N.C. App. 141 (2017), where this Court held there was insufficient evidence of constructive possession in a case where a firearm was discovered along the defendant's path of flight but without additional incriminating circumstances. 253 N.C. App. at 147. He further highlights the jury's questions during deliberations regarding firearm ownership and the absence of forensic evidence, arguing their inquiries demonstrate the speculative nature of the State's case. Because defendant asserts the State's evidence relied on conjecture rather than proof beyond a reasonable doubt, he

contends his conviction should be reversed. We disagree.

> In ruling on a criminal defendant's motion to dismiss, the trial court must determine whether the State has presented substantial evidence (1) of each essential element of the offense and (2) of the defendant's being the perpetrator. Evidence is substantial if it is relevant and adequate to convince a reasonable mind to accept a conclusion. When considering the issue of substantial evidence, the trial court must view all of the evidence presented in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor.

*State v. Barksdale*, 181 N.C. App. 302, 305 (2007) (cleaned up).

> Possession of a firearm may be actual or constructive. Actual possession requires that the defendant have physical or personal custody of the firearm. In contrast, the defendant has constructive possession of the firearm when the weapon is not in the defendant's physical custody, but the defendant is aware of its presence and has both the power and intent to control its disposition or use. When the defendant does not have exclusive possession of the location where the firearm is found, the State is required to show other incriminating circumstances in order to establish constructive possession. Constructive possession depends on the totality of the circumstances in each case.

*State v. Taylor*, 203 N.C. App. 448, 459 (2010) (citations omitted).

> In determining whether sufficient incriminating circumstances exist to support a finding of constructive possession, . . . we have considered the following factors: (1) the defendant's ownership and occupation of the property . . . ; (2) the defendant's proximity to the contraband; (3) indicia of the defendant's control over the place where the contraband is found; (4) the defendant's suspicious behavior at or near the time of the contraband's discovery; and (5) other evidence found in the defendant's possession

that links the defendant to the contraband. *State v. Chekanow*, 370 N.C. 488, 496 (2018) (citations omitted).

Here, the State presented sufficient evidence to support an inference of constructive possession, justifying the trial court's denial of defendant's motion to dismiss. While the firearm was found in a non-exclusive location, the totality of the circumstances—including defendant's proximity, his suspicious behavior during flight, and his reaction upon being shown the firearm—provided adequate incriminating evidence.

Constructive possession does not require exclusive control over the area where contraband is found, but rather "other incriminating circumstances" to establish dominion and control. *State v. Davis*, 325 N.C. 693, 697 (1989) (citation omitted). The firearm was discovered exactly where defendant briefly drove onto a sidewalk and grassy area before resuming flight. Its scuff marks and ejected magazine were consistent with it having been discarded from a moving vehicle. A jury could reasonably infer that defendant, as the sole occupant of his vehicle, possessed the weapon. *See State v. Dow*, 70 N.C. App. 82, 85 (1984) (holding that a defendant's control over a vehicle is sufficient to infer possession of contraband found nearby).

Defendant's flight and deviation from his path further support constructive possession. Courts have long recognized that flight is a relevant incriminating circumstance in assessing possession. *State v. Steele*, 201 N.C. App. 689, 693 (2010). Defendant's brief stop at the exact location where the firearm was later found mirrors

the suspicious behavior in *State v. McNeil*, where the defendant's unusual movement during a chase led officers to recover drugs at the precise location he had reached behind a chair. 359 N.C. 800, 813 (2005). The State appropriately distinguishes *State v. Battle*, where insufficient evidence existed because officers relied solely on a tracking dog without direct observations of suspicious activity. 253 N.C. App. at 147.

Finally, defendant's reaction upon being shown the firearm—freezing, looking away, and remaining silent—further supports an inference of possession. While defendant's pre-arrest silence was not admissible at trial as substantive evidence of guilt, *State v. Boston*, 191 N.C. App. 637 (2008), uncharacteristic behavior can be considered evidence of constructive possession, *see State v. Kennedy*, 276 N.C. App. 381, 385 (2021) ("Defendant did not express surprise that a gun was found in the vehicle, nor did he disclaim ownership of it."). Here, defendant's erratic driving pattern, abrupt flight, and behavior when confronted with the weapon provided multiple incriminating factors beyond mere proximity. Viewing the evidence in the light most favorable to the State, the jury had a sufficient basis to find that defendant had the intent and capability to control the firearm. Because weighing this evidence is the jury's role, *State v. Parker*, 354 N.C. 268, 278 (2001), the trial court properly denied the motion to dismiss.

Having concluded that the trial court properly denied defendant's motion to dismiss for insufficient evidence of constructive possession, we now address his constitutional challenge to N.C.G.S. § 14-415.1.

Defendant contends § 14-415.1, which prohibits felons from possessing firearms, is facially and as-applied unconstitutional under the Second Amendment and the North Carolina Constitution. Citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), defendant argues firearm restrictions must be grounded in historical tradition, which the State has failed to establish for felon disarmament laws. He further asserts his non-violent felony convictions—larceny and fleeing to elude arrest—do not justify permanent disarmament, relying on *Britt v. State*, 363 N.C. 546 (2009). Because he did not preserve this issue at trial, he asks this Court to invoke Rule 2 to review his claims despite procedural default.

From our review of the record, defendant has failed to demonstrate that this case presents the type of exceptional circumstance that would warrant the invocation of Rule 2 to suspend the appellate rules. The constitutional challenge was not properly preserved at trial, and there is no compelling reason to depart from established procedural requirements. We therefore decline to exercise our discretion under Rule 2 to reach the merits of this argument. Accordingly, we dismiss this claim as improperly before us.

### III.

Viewing the evidence in the light most favorable to the State, we conclude that the trial court properly denied defendant's motion to dismiss. The evidence presented at trial—including defendant's proximity to the firearm, his suspicious flight behavior, and his reaction when shown the weapon—provided sufficient

incriminating circumstances to support an inference of constructive possession. Accordingly, the jury's determination of guilt was supported by substantial evidence, and we uphold defendant's conviction for possession of a firearm by a felon.

As to defendant's constitutional challenge, he failed to preserve this issue at trial and has not demonstrated exceptional circumstances warranting the invocation of Rule 2. We decline to exercise our discretion to review the issue and dismiss his constitutional claim as improperly before us.

NO ERROR.

Judges HAMPSON and MURRY concur.

Report per Rule 30(e).